

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 29, 2021

> This version of the government's April 29, 2021 letter, with agreed-upon redactions, shall be filed on the public docket.
> So ordered:
> 5/20/2021
>
> *J. PAUL OETKEN*
> United States District Judge

**BY EMAIL**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re:   In re Search Warrant dated April 21, 2021, 21 Mag. 4335
      In re Search Warrant dated April 28, 2021, 21 Mag. 4591

Dear Judge Oetken:

The Government respectfully writes to request that the Court appoint a special master to conduct the filter review of potentially privileged materials seized pursuant to the above-captioned warrants. The Government has conferred with counsel for both Rudolph Giuliani and Victoria Toensing. Counsel for Giuliani intends to file a response upon reviewing the Government's letter. Toensing is in the process of securing permanent counsel, and her interim counsel is copied on this letter.

**A.  Relevant Background**

In connection with an ongoing grand jury investigation, this Court has supervised and authorized searches and related applications, including applications authorized by this Court on April 21, 2021 pursuant to Federal Rule of Criminal Procedure 41 to search premises belonging to Rudolph Giuliani and Giuliani Partners LLC, and to seize and search electronic devices (21 Mag. 4335). On April 28, 2021, the Government seized 18 electronic devices belonging to Giuliani and certain employees of Giuliani Partners pursuant to those warrants. On April 22, 2021, the Government sought and obtained warrants in the District of Maryland, pursuant to Rule 41, to search premises belonging to Victoria Toensing and seize certain electronic devices. On April 28, 2021, the Government seized one electronic device belonging to Toensing pursuant to those warrants. On April 28, 2021, the device seized from Toensing was transported to the Southern District of New York and the Government sought and obtained a warrant to search that electronic device for evidence of enumerated offenses (21 Mag 4591).[1] The warrants authorize the seizure of materials responsive to the Warrants dated between ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as to

---

[1] The search warrants assigned numbers 21 Mag. 4335 (the "Giuliani Warrants") and 21 Mag 4591 (the "Toensing Warrant") are collectively referred to herein as the Warrants.

Giuliani, and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as to Toensing. The searches on April 28, 2021, were executed by Special Agents of the Federal Bureau of Investigation ("FBI") who have not been involved in this investigation and will not be involved in it going forward. Technical specialists with the FBI have begun to extract materials from the seized devices, but the review of those materials has not begun.

### B. The Court Should Appoint a Special Master to Conduct the Privilege Review

#### 1. *Applicable Law*

Courts have a "limited supervisory authority over a grand jury proceeding." *United States v. Hilts*, 757 F. App'x 56, 59 (2d Cir. 2018) (citing *United States v. Williams*, 504 U.S. 36, 47 (1992)). That authority extends to the protection of privileges recognized by the Constitution, Congress, and the common law. *See Williams*, 504 U.S. at 48; *Gravel v. United States*, 408 U.S. 606 (1972); *In re Grand Jury Investigation of Hugle*, 754 F.2d 863, 864-65 (9th Cir. 1985) (Kennedy, J.). That supervisory authority exists prior to an individual being charged with a crime. *See In re Grand Jury Investigation of Hugle*, 754 F.2d at 865 ("a court is not required to defer relief [on a privilege issue] until after issuance of the indictment"); *In re Wiltron Assocs., Ltd.*, 49 F.R.D. 170, 172 (S.D.N.Y. 1970) (declining to grant relief under Rule 41 and recognizing jurisdiction was based on the court's "general supervisory power").

When a search involves materials potentially protected by the attorney-client privilege, the review may be conducted by a government "filter team," a magistrate judge, or a special master. *See generally United States v. Stewart*, No. 02 Cr. 395 (JGK), 2002 WL 1300059, at *4-6 (S.D.N.Y. June 11, 2002) (discussing the potential options for review of search warrant materials). The use of a government "filter team" is a "common procedure" in this District and considered protective of the attorney-client privilege. *See United States v. Ceglia*, 2015 WL 1499194, at *1 (S.D.N.Y. Mar. 30, 2015); *see also United States v. Patel*, No. 16 Cr. 798 (KBF), 2017 WL 3394607, at *7 (S.D.N.Y. Aug. 8, 2017) (noting government use of filter review team as evidence of good faith); *United States v. Winters*, No. 06 Cr. 54 (SWK), 2006 WL 2789864 (S.D.N.Y. Sept. 27, 2006) (proposed use of "'wall Assistant' adequately protects the defendant's asserted privilege"). That said, under certain exceptional circumstances, the appointment of a special master to review materials seized from an attorney may be appropriate. Those circumstances may exist where the search involves the files of a criminal defense attorney with cases adverse to the United States Attorney's Office, "thus rais[ing] Sixth Amendment concerns that would not otherwise be present," *Stewart*, 2002 WL 1300059, at *5, or where the attorney represents the President of the United States such that any search may implicate not only the attorney-client privilege but the executive privilege, *see In re the Matter of Search Warrants Executed on April 9, 2018*, No. 18 MJ 3161 (S.D.N.Y. Apr. 16, 2018) (Dkt. 104). Under such circumstances, as Judge Wood explained when appointing a special master following the search of premises belonging to Michael Cohen, while there was no question that a review by the Government's filter team—which, in that case, like here, had previously reviewed records from email accounts obtained pursuant to covert search warrants—was "as fair as one done by a special master," *id.* (Dkt. 38, Apr. 26, 2018 Tr. at 8), appointment of a special master was nonetheless appropriate to promote the "perception of fairness, not fairness itself" due to the public nature of the premises searches, *id.* (Dkt. 104, Apr. 16, 2018 Tr. at 88).

April 29, 2021
Page 3

When courts have appointed special masters, the appointment has typically been based on a defendant's motion, after a criminal case has been charged, or pursuant to a return of property motion or a temporary restraining order. *See id.* (denying Cohen's request for a temporary restraining order, but appointing a special master); *Stewart*, 2002 WL 1300059 (granting defense motion for a special master); *United States v. Grant*, No. 04 Cr. 207 (BSJ), 2004 WL 1171258, at *2-3 (S.D.N.Y. May 25, 2004) (entertaining but denying defense motion for a special master). Consistent with a court's supervisory authority, however, the court may also appoint a special master where, as here, there is no pending criminal case against the subjects of the search. *See In re the Matter of Search Warrants Executed on April 9, 2018*, No. 18 MJ 3161 (S.D.N.Y. Apr. 27, 2018) (Dkt. 30) (appointing a special master pursuant to Fed. R. Civ. P. 53(a)(1)(C) and the court's "inherent equitable powers and authority"); *see also* 18 U.S.C. § 3626(g)(8) (defining "special master" as "any person appointed by a Federal court pursuant to Rule 53 of the Federal Rules of Civil Procedure *or pursuant to any inherent power of the court to exercise the powers of a master*, regardless of the title or description given by the court." (emphasis added)); *Benjamin v. Fraser*, 343 F.3d 35, 46 (2d Cir. 2003) (noting that section 3626(g)(8) "implicitly incorporates the long-recognized principle that Article III courts may appoint agents to engage in a variety of activities essential to the performance of judicial responsibilities." (citations omitted)).

2. *Discussion*

As the Court is aware from the Government's prior search warrant applications, and consistent with the general practice in this District, the Government has used a filter team[2] to review and exclude potentially privileged communications from email and iCloud accounts belonging to Giuliani and Toensing that were seized pursuant to prior warrants.[3] While the

---

[2] The Government's filter team is comprised of Assistant United States Attorneys and FBI agents who are not members of the Government's case team, and who are supervised by two senior Assistant United States Attorneys. The Government's filter team reviewed the materials pursuant to established protocols for safeguarding materials that are potentially protected by the attorney-client or any other applicable privilege. Pursuant to those protocols, the filter team reviewed materials in the first instance for potential privilege protections and released materials to the case team that it designated not potentially privileged.

[3] Specifically, on November 4, 2019, this Court issued a search warrant for iCloud accounts belonging to Giuliani and Toensing for the time period ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (as to Giuliani) and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (as to Toensing). On December 13, 2019, this Court issued a search warrant for an email account belonging to Toensing for the time period ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. These prior warrants remain under seal, although pursuant to the Court's limited unsealing order, the Government has provided copies of the warrants, but not the applications, to counsel for Giuliani and Toensing. The Government's review of the returns from the prior warrants is substantially complete. Based on the Government's investigation to date, given the overlap in date range and because certain materials, including certain emails and text messages, were backed up to the iCloud accounts that were searched pursuant to these prior warrants, the Government expects that some, but not all, of the materials

April 29, 2021
Page 4

Government believes that its use of a filter team to conduct a review pursuant to established protocols is sufficient to protect applicable privileges and that the previous use of a filter team was particularly appropriate and necessary given the then-covert nature of the searches, given that the searches now at issue were done in an overt manner and have been publicized by both of the targets of those searches, as well as the unusually sensitive privilege issues that the Warrants may implicate, the Government considers it appropriate for the Court to appoint a special master to make the privilege determinations as to materials seized pursuant to the Warrants. In particular, the overt and public nature of these warrants necessitates, as Judge Wood observed, the appointment of a special master for the "perception of fairness, not fairness itself."

In light of the parallels to this matter, the Government respectfully suggests that the Court adopt the procedures adopted by Judge Wood for the appointment of a special master in *In re the Matter of Search Warrants Executed on April 9, 2018*, No. 18 MJ 3161 (S.D.N.Y. Apr. 16, 2018), specifically:

- Direct the parties to confer and submit proposed candidates for a special master and, if they cannot reach agreement on a list of candidates, submit their own candidates.
- Appoint a special master from the list of candidates proposed by the parties or another suitable candidate identified by the Court.
- Require the special master to submit a declaration regarding any bases for potential disqualification. (Dkt. No. 29.)
- Issue an order identifying the duties, reporting and judicial review requirements, and other provisions relating to the appointment of a special master. (Dkt. No. 30.)
- Require the parties and special master to complete the review of the seized materials on an expedited schedule set forth by the Court.

---

present on the electronic devices seized pursuant to the Warrants could be duplicative of the materials seized and reviewed pursuant to the prior warrants.

April 29, 2021
Page 5

      Finally, the Government respectfully requests that this letter be filed under temporary seal until May 3, 2021, to allow counsel for Giuliani and Toensing to make any redaction or sealing requests during that time. The Government has simultaneously transmitted a proposed redacted version of this letter, which redactions are narrowly tailored to protect the Government's ongoing investigation, including with respect to matters that remain under seal. To the extent it later becomes appropriate for the letter to be filed without redactions, the Government will so move.

                                      Respectfully submitted,

                                      AUDREY STRAUSS
                                      United States Attorney for the
                                      Southern District of New York

                        By: _____/s/_____
                                      Rebekah Donaleski
                                      Nicolas Roos
                                      Aline R. Flodr
                                      Assistant United States Attorneys
                                      (212) 637-2423/ 2421/ 1110

Cc: Robert Costello, Esq. (counsel for Rudolph Giuliani)
    Brady Toensing, Esq. (interim counsel for Victoria Toensing)