UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re SEARCH WARRANTS
EXECUTED ON APRIL 28, 2021

21-MC-425 (JPO)

MEMORANDUM AND ORDER

---

J. PAUL OETKEN, United States District Judge:

On April 21, 2021, in connection with an ongoing grand jury investigation, this Court issued a warrant to search premises belonging to Rudolph Giuliani and Giuliani Partners LLC and to seize and search electronic devices (21 Mag. 4335). That warrant was executed on April 28, 2021. Also on April 28, 2021, the Court issued a warrant to search an electronic device belonging to Victoria Toensing (21 Mag. 4591), which had been seized pursuant to a warrant previously issued by a judge of the District of Maryland.

The Government has submitted a letter requesting that the Court appoint a special master to review the materials seized pursuant to these warrants for potentially privileged documents. (Dkt. No. 1.) In response, Giuliani and Toensing have filed letters raising concerns about the searches and making certain requests in connection with them. (Dkt. Nos. 14, 15.) The Government has filed a reply submission. (Dkt. No. 18.)

For the reasons that follow, the Government's request to appoint a special master is granted and Giuliani's and Toensing's requests are denied.[1]

---

[1] Because the Court finds that oral argument is unnecessary to resolve these issues, Toensing's request for oral argument (Dkt. No. 19) is denied.

I.   Discussion

Before turning to the issue of appointment of a special master, the Court addresses the issues raised by Giuliani and Toensing.

A.   **Return of Warrant Materials**

Giuliani and Toensing argue that the materials seized pursuant to the April 2021 warrants should be returned to them so that they may review them in the first instance for responsiveness and privilege. In effect, they ask the Court to require the Government to proceed by subpoena rather than by search warrant.

Guiliani's and Toensing's position lacks legal support. The search warrants at issue here were based on judicial findings of probable cause — supported by detailed affidavits — to believe that evidence of violations of specified federal offenses would be found at the locations to be searched. There is no legal requirement for the Government to proceed by subpoena, nor is there any basis for the subject of an investigation to require it to do so.

Giuliani and Toensing contend that their status as lawyers, including Giuliani's status as a lawyer to the former President, makes these searches problematic. To be sure, "a law office search should be executed with special care to avoid unnecessary intrusion on attorney-client communications." *National City Trading Corp. v. United States*, 635 F.2d 1020, 1026 (2d Cir. 1980). But lawyers are not immune from searches in criminal investigations. Rather, a law office search "is nevertheless proper if there is reasonable cause to believe that the specific items sought are located on the property to be searched." *Id.*; *see also id*. ("[A] criminal enterprise does not exempt itself from a search warrant by conducting its business and keeping its records in its lawyer's office."); *United States v. Mittelman*, 999 F.2d 440, 445 (9th Cir. 1993) ("Law offices are not immune from search."). The searches here were based on probable cause, and it

2

is precisely to avoid "unnecessary intrusion on attorney-client communications" that the Government is seeking appointment of a special master.[2]

This request is therefore denied.

### B.     2019 Warrant Materials

Giuliani and Toensing also seek the "return" of the results from earlier search warrants of their iCloud and email accounts, which were issued in 2019 pursuant to the Stored Communications Act, 18 U.S.C. §§ 2701 *et seq*. With respect to these 2019 warrants, the Government represents that it has utilized a "filter team" — a separate group of attorneys and agents who were not part of the investigative team — to review materials for privilege. Only those materials determined by the filter team to be not potentially privileged have been released to the investigative team, according to the Government.

The use of a filter team is a common procedure in this District and has been deemed adequate in numerous cases to protect attorney-client communications. *See, e.g., United States v. Blakstad*, No. 19-CR-486 (ER), 2020 WL 5992347, *8 (S.D.N.Y. Oct. 9, 2020); *United States v. Ceglia*, No. 12-CR-876 (VSB), 2015 WL 1499194, *1 (S.D.N.Y. March 30, 2015). Indeed, in the analogous *Michael Cohen* proceeding in 2018, Judge Kimba Wood, while appointing a special master to ensure the "perception of fairness," recognized the appropriateness of the use of a filter team with respect to certain communications that had been covertly obtained. (*In re Search Warrants Executed on April 9, 2018*, No. 18-MJ-3161 (S.D.N.Y.), Dkt. No. 38 at 8; Dkt.

---

[2] Toensing's reliance on *United States v. Stewart*, No. 02 Crim. 395 (JGK), 2002 WL 1300059 (S.D.N.Y. June 11, 2002), is misplaced. In that case, the Government had seized documents from numerous criminal defense attorneys who were *not subjects* of the Government's investigation and had many cases before the same prosecuting office. Moreover, the Court appointed a special master in *Stewart* to address privilege concerns, as the Government requests here.

No. 104 at 88.) This Court finds that the filter team process adequately safeguards the attorney-client privilege and the constitutional rights of the search subjects and their clients.[3]

Moreover, the review of the 2019 warrant returns is now largely complete. And any pre-indictment suppression motion would be premature at this juncture.

Giuliani and Toensing also seek pre-indictment discovery of the Government's privilege and responsiveness designations in connection with the 2019 warrants. They cite no legal authority for this request, and the Court is aware of none. If there is a criminal proceeding, any defendants will be entitled to discovery under Rule 16. There is no basis for compelling the Government to produce this information now, during an ongoing grand jury investigation.

Finally, the Court sees no legal basis for Toensing's request for detailed information about the filter team review process, at least at the pre-charge phase of this matter.

Accordingly, these requests are denied.

C.     **Search Warrant Affidavits**

Giuliani requests that the Court unseal the affidavits submitted in support of the 2019 and 2021 warrants so he can challenge their legality. But he is not entitled to a preview of the Government's evidence in an ongoing investigation before he has been charged with a crime.

Giuliani cites no precedent — and the Court is aware of no authority — for the proposition that the Fourth Amendment (or any other constitutional or statutory provision) gives

---

[3] In challenging the filter team utilized here, Giuliani relies on *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159 (4th Cir. 2019). Although the Fourth Circuit in that case held that the magistrate judge's authorization of the filter team and protocols were improper under the circumstances, it did not hold that the Government's use of a filter team is categorically inappropriate. In any event, that decision is not binding on this Court, and to the extent it suggests that the use of a filter team by a federal prosecuting office may violate the constitutional separation of powers, this Court respectfully disagrees.

a person who has not been charged a right to review a search warrant affidavit during an ongoing investigation. *See, e.g.*, *Matter of EyeCare Physicians of Am.*, 100 F.3d 514, 517 (7th Cir. 1996).

Assuming that the search warrant affidavits are "judicial documents" to which the First Amendment and common law right of access applies, the Court finds that the presumption of access is plainly outweighed by the need to protect a grand jury investigation that is ongoing. "Among other things, if matters relating to grand jury proceedings became public, prospective witnesses may be deterred from testifying, those who do testify may be less likely to do so truthfully, targets of investigations may flee, and persons who are the subject of an ultimately meritless investigation may face public embarrassment." *United States v. Haller*, 837 F.2d 84, 87-88 (2d Cir. 1988) (citation omitted).

If Giuliani is charged with a crime, of course, he will be entitled to production of the search warrant affidavits as part of discovery pursuant to Federal Rule of Criminal Procedure 16. He will also be able to file motions challenging the warrants under Rule 12. But such disclosure is premature at the present stage.

This request is therefore denied.

### D.    Return of Property

Toensing asks the Court to order the Government to return its copy of her cellphone, which was seized in April 2021, and its copy of her iCloud and email accounts subject to the 2019 warrant. The Government has already returned Toensing's cellphone, and she apparently has access to her iCloud and email accounts. She appears to be objecting, therefore, to the Government's retaining a copy of this information. Again, however, these materials were obtained pursuant to search warrants, based on probable cause, and the Government's

5

investigation is ongoing. There is nothing improper or unlawful about the Government's retention of them.

Rule 41(g) permits a person to move for the return of her property where, among other things, the seizure was illegal or the government no longer has a legitimate interest in the property. *See Lavin v. United States*, 299 F.3d 123, 128 (2d Cir. 2002); *United States v. Van Cauwenberghe*, 827 F.2d 424, 433 (9th Cir. 1987). Here, the Government's legitimate interest in the property is established by its ongoing investigation, and Toensing has not shown that the seizure was illegal. Nor has she established irreparable harm from the Government's retention of the property in light of the safeguards (discussed above) to protect attorney-client privilege.[4]

In the event of a criminal proceeding, Toensing will have an opportunity to litigate any pertinent privilege and suppression issues.

This request is denied.

### E.  Special Master

Finally, the Court turns to the Government's request to appoint a special master to conduct review for privilege. In the analogous *Cohen* matter, Judge Wood appointed a special master to ensure the "perception of fairness." The Government proposes the same procedure here in light of the parallels to this matter. Aside from the issues addressed above, Giuliani and Toensing do not appear to dispute that the appointment of a special master is appropriate.

---

[4] The two cases cited by Toensing fail to support her argument. In *United States v. Rayburn House Office Bldg.*, 497 F.3d 654 (D.C. Cir. 2007), the court addressed the very different protection afforded by the Constitution's Speech or Debate Clause, and that decision has not been extended to the context of attorney-client privilege. And in *United States v. Search of Law Office*, 341 F.3d 404, 406 (5th Cir. 2003), the court held that a lawyer had to failed to establish irreparable harm by citing attorney-client privilege in challenging a search pre-indictment, *reversing* the district court's return of property and suppression under Rule 41.

The Court agrees that the appointment of a special master is warranted here to ensure the perception of fairness. The special master will expeditiously conduct a filter review of the April 2021 warrant materials for potentially privileged documents, and that review can be informed by Giuliani's and Toensing's parallel review of the same materials. The Government's investigative team will thereafter conduct a responsiveness review of the released materials.

## II. Conclusion

For the foregoing reasons, the Government's request for appointment of a special master is granted. Giuliani's and Toensing's requests for relief are denied.

The parties are directed to confer regarding candidates for special master and to submit proposed candidates by June 4, 2021. If the parties are unable to reach agreement on a list of candidates, they shall submit their own proposed candidates.

SO ORDERED.

Dated: May 28, 2021
New York, New York

_____
J. PAUL OETKEN
United States District Judge