UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re SEARCH WARRANTS
EXECUTED ON APRIL 28, 2021

21-MC-425 (JPO)

ORDER

---

J. PAUL OETKEN, United States District Judge:

Two matters are before the Court: first, a request by Rudolph Giuliani and Victoria Toensing for an order imposing a temporal limitation on the Special Master's review process; and second, a request by Dmitry Firtash to intervene in this matter for the purpose of participating in the Special Master's review of any privileged materials relating to him.

**I.     Temporal Limitation on Special Master Review**

On June 9, 2021, this Court appointed the Honorable Barbara S. Jones (Ret.) as Special Master to "render decisions regarding privilege issues relating to the materials seized in the execution of certain search warrants" that are the subject of this matter. (Dkt. No. 25.) Giuliani and Toensing ask the Court to restrict the Special Master's review to the time periods set forth in the search warrants: August 1, 2018 to December 31, 2019 for Giuliani; and January 1, 2019 to December 31, 2019 for Toensing.

The Government has proposed a compromise that significantly limits the scope of the parties' dispute: it consents to the Special Master's excluding from her review any documents that clearly and entirely predate 2018. The Court approves this compromise and directs the Special Master to proceed accordingly. The Court concludes that this is a reasonable approach that is consistent with the law and the rights of the parties.

First, this Court appointed the Special Master for the purposes of reviewing the materials for privilege, not for responsiveness. While a general exclusion as proposed by the Government

1

is appropriate, the imposition of detailed date restrictions or other responsiveness criteria would risk further delay in the review process.

Second, the warrants themselves do not contemplate that an arm of the Court, rather than Government investigators, would conduct a review of the warrant materials for responsiveness, nor is the Court aware of any legal authority mandating such review. To be sure, as the Government acknowledges, the warrants must be executed according to their terms. But the fact that the Court has appointed a Special Master for privilege review in this circumstance does not dictate that such review be expanded to review for responsiveness.

Third, the warrants cover materials "sent, received, posted, created, or otherwise accessed, established, modified, or deleted during [the time range]." It is entirely possible that a document "dated" outside the time range may have been "accessed," "sent," "modified," or "deleted" during the time range. Moreover, the warrants permit review of any of the seized material "if necessary to evaluate its contents and to locate all data responsive to the warrant." *See, e.g., United States v. Gatto*, 313 F. Supp. 3d 551, 561 (S.D.N.Y. 2018).

Finally, the Court denies Giuliani's and Toensing's request to order the Government to return or destroy any material at this time.

## II.   Intervention by Firtash

Dmitry Firtash, who was previously represented by Toensing, has moved through current new counsel for limited intervention in this matter "to participate in the Special Master's review of his privileged materials." The Government does not object to his intervention. The Court concludes that intervention by Firtash is warranted for the limited purpose of reviewing potentially privileged matters relating to him. The Special Master will determine the most

efficient and appropriate way to allow Firtash to protect his privilege while also recognizing the limited purpose for which he is intervening.

## III. Sealing Requests

In their letters addressing these matters, Giuliani, Toensing, and Firtash also have requested that the letters be filed under seal.

In addition to the First Amendment, the common law provides a "right of public access to judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). The common law right arises from "the need for federal courts, although independent — indeed, particularly because they are independent — to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1048 (2d Cir. 1995).

The Second Circuit has established a three-part test for determining whether documents may be placed under seal. First, a court must determine whether "the documents at issue are indeed 'judicial documents'" to which the "presumption of access attaches." *Lugosch*, 435 F.3d at 119. The Second Circuit has defined a "judicial document" broadly — as one that is "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo* ("*Amodeo I*"), 44 F.3d 141, 145 (2d Cir. 1995). Second, the court "must determine the weight of that presumption," which is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." The weight of the presumption depends on where the material falls on "a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Amodeo II*, 71 F.3d at 1049. Finally, the court must "balance competing considerations," including "the danger of impairing law

enforcement or judicial efficiency and the privacy interests of those resisting disclosure," against the presumption.  *Lugosch*, 435 F.3d at 120 (internal quotation marks omitted).

With respect to all the parties' letters on the issues discussed here, it is clear that they are "judicial documents" entitled to significant presumptive weight in favor of public access.  The letters are relevant to the judicial function and seek specific relief from this Court in its role overseeing this matter.  *See, e.g., United States v. Avenatti*, No. 19-CR-374, 2021 WL 3168145, at *6 (S.D.N.Y. July 27, 2021); *United States v. Correia*, No. 19-CR-725, 2020 WL 6683097, at *1 (S.D.N.Y. Nov. 12, 2020).  The only question is whether there are "competing considerations" that outweigh the presumption of public access.  Neither Giuliani nor Toensing has made any effort to identify considerations that warrant sealing of the letters, and the Court does not perceive any, at least as a general matter.

Firtash does suggest competing considerations, citing his privacy interest and contending that his participation in this matter could prejudice his defense in his unrelated criminal case.  But these arguments are not persuasive.  Firtash's criminal case in the Northern District of Illinois is public.  *See United States v. Firtash*, No. 13-CR-515 (N.D. Ill.).  And Firtash's former attorney-client relationship with Toensing — his only apparent connection to this matter — has been publicly reported, including by Toensing's counsel.  (*See* Dkt. No. 29.)  The Court does not see how Firtash is significantly prejudiced by the fact that he has taken steps to protect his privileged materials in a proceeding in which his former lawyer's materials were seized.  Accordingly, Firtash's letters from August 20, 2021, when he sought leave to intervene, and thereafter, and the Government's and Toensing's related letters will be unsealed and placed on the public docket.  However, the parties will be given one week to confer regarding appropriate redactions to any of the letters.

4

IV. **Conclusion**

For the foregoing reasons, it is hereby ORDERED that:

1. the Special Master's review shall exclude any documents that clearly and entirely predate January 1, 2018, to the extent that such an exclusion can be applied efficiently;

2. the request of Dmitry Firtash for limited intervention in this matter is granted;

3. the parties' requests to place their letters under seal are denied, provided that:

    a. counsel for Giuliani, Toensing, Firtash, and the Government shall confer and jointly propose any redactions on or before September 24, 2021;

    b. if the parties cannot agree on proposed redactions, each party shall submit that party's proposed redactions;

    c. the following letters will be filed on the public docket with any redactions approved by the Court:

        i. Giuliani letters dated 8/27/21, 9/10/21

        ii. Toensing letters dated 8/30/21, 9/13/21 (2)

        iii. Firtash letters dated 8/20/21, 9/1/21

        iv. Government letters dated 8/27/21, 9/3/21, 9/14/21

SO ORDERED.

Dated: September 16, 2021
New York, New York

_____
J. PAUL OETKEN
United States District Judge