# DHC

DAVIDOFF HUTCHER & CITRON LLP

ATTORNEYS AT LAW

605 THIRD AVENUE
NEW YORK, NEW YORK 10158

TEL: (212) 557-7200
FAX: (212) 286-1884
WWW.DHCLEGAL.COM

FIRM OFFICES

WHITE PLAINS
ATTORNEYS AT LAW
120 BLOOMINGDALE ROAD
WHITE PLAINS, NY 10605
(914) 381-7400

WEST PALM BEACH
ATTORNEYS AT LAW
1107 NORTH OLIVE AVENUE
WEST PALM BEACH, FL 33401
(561) 567-8488

FIRM OFFICES

ALBANY
ATTORNEYS AT LAW
150 STATE STREET
ALBANY, NY 12207
(518) 465-8230

WASHINGTON, D.C.
ATTORNEYS AT LAW
201 MASSACHUSETTS AVENUE N.E.
WASHINGTON, D.C. 20002
(202) 347-1117

WRITER'S DIRECT: (646) 428-3238
E-MAIL: rjc@dhclegal.com

August 27, 2021

*VIA EMAIL*
The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

**CONFIDENTIAL AND FILED
UNDER SEAL**

Re:   In re Search Warrant dated April 21, 2021,  21 Mag. 4335

Dear Judge Oetken:

The massive amount of data that has been and will be turned over to the Special Master and counsel for Giuliani at least  twenty-six years' worth of data from at least February 24, 1995 to July 23, 2021.[1] The temporal limits of the search warrants is the eighteen-month period from August 1, 2018 to December 31, 2019. The Government has informed us, that following the privilege review, it intends to review everything contained on the Giuliani devices, i.e. for the twenty-six years from February 24, 1995 to July 23, 2021. We believe the Government is not

---

[1] The Government is unaware of the extent of the data being turned over and as such, the Government has no idea that they are proposing to search at least twenty- six years of Rudolph Giuliani's private and professional life.  When the Government realizes this, they may very well change their stance on what they should be allowed to review.

930815.v1

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 2

authorized to conduct a general search of twenty-six years' worth of data, which if allowed, will necessitate that the Special Master and counsel for Giuliani will be required to review that twenty-six years' worth of data for attorney client privilege documents, that have nothing to do with the investigation of a FARA violation in 2018 and 2019, that the Government claims to be conducting. It will also result in a tremendous unnecessary cost to Giuliani which should not be imposed upon a presumptively innocent prominent attorney.

Therefore, we request that this Court direct what time period should be reviewed by the Special Master and counsel for Giuliani for privilege issues. We strongly urge that time period should be limited to the search warrant dates of August 1, 2018 to December 31, 2019, since those dates were initially selected by the U.S. Attorney and presumably those were the dates for which probable cause was established. Without such direction from this Court, the U.S. Attorney will engage in a constitutionally prohibited general search of twenty-six years of personal and professional records of Rudolph Giuliani. That will also require the Special Master and counsel for Giuliani to search for privileged materials in that twenty-six year period at tremendous cost. The twenty-six year time period of the data being delivered by the Government's vendor, PAE, covers the time when Mr. Giuliani was

930815.v1

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 3

Mayor of New York City and then later another ten year period when he was a partner in Bracewell & Giuliani, the firm that is now home to the Special Master, as well as the time period in which Giuliani was a partner in Greenberg Trauig. Those factors could raise additional issues that quite frankly, none of us need to address if the review period is the time period specified in the search warrants.

This letter memorandum is submitted in support of Rudolph Giuliani's request that this Court issue a direction to the Special Master and counsel for Giuliani to conduct their review of privilege materials only for the period specified in the search warrants, August 1, 2018 to December 31, 2019. Following that review, the Special Master should turn over all non-privileged materials from that time period only, to the United States Attorney for the Southern District of New York. Pursuant to Rule 41 of the Federal Rules of Criminal Procedure, the Government's vendor, PAE, who has extracted all of the data contained on Giuliani's electronic devices, should be directed to return or destroy all data that predate August 1, 2018 and that post-date December 31, 2019.

This issue arises because the U.S. Attorney's Office has informed counsel for Giuliani that it intends to have its Investigative Team examine everything that was found on the electronic devices that was not deemed privileged or otherwise

930815.v1

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 4

protected by the Special Master and this Court. The Government has made clear that it does not believe it is constrained by the temporal limitations set forth in the search warrants, August 1, 2018 to December 31, 2019. In fairness to the Government, they took this position without any knowledge that the Giuliani devices contain at least twenty-six years' worth of data.  Counsel for Giuliani likewise, had no information about the span of data that would be found on all of the Giuliani electronic devices.

Our position is that the provision[2] in the search warrants, ("if necessary" provision), which would allow the Government to review all of the ESI, only applies to the 18-month time period specified in the search warrants. That provision allows the Government to determine all responsive documents within the time period specified by the warrants and it is not a carte blanche invitation to review everything captured in that 26-year period. We believe that the Government's erroneous interpretation would, in its application, turn these search warrants into general warrants prohibited by the Fourth Amendment to the U. S. Constitution. The Government's confusion results from their treatment of the electronic devices themselves as the evidence, rather than the temporally limited subset of data that is

---

[2] The "if necessary" provision appears to be boiler plate language used in every search warrant application by the SDNY U.S. Attorney in seeking ESI. There is nothing unique in this matter that caused the Government to insert this provision.

930815.v1

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 5

contained on the electronic devices, which actually constitutes the evidence that the search warrant permits to be seized.

This application is not a challenge to the search warrants issued. We recognize that we do not have standing at this stage to make any such challenge. Rather we seek the Court's direction to both the Special Master and counsel for Giuliani as to the time period that should be searched for privileged and otherwise protected data. We attempted to resolve this dispute without the Court's intervention, but the Government has declined to abide by the temporal limitations of the search warrants.[3] We need a Court direction to the Special Master and counsel for Giuliani

---

[3] On June 22, 2021, A.U.S.A. Nicolas Roos responded to counsel for Giuliani's request for a clarification of the Government's position:

"Bob,

Thanks very much for running this by us, and we appreciate your efforts to resolve this question without litigation. As it seems we can't come to an agreement on this, we agree that the appropriate course is for you to make an application to Judge Oetken.

The Government's position is that the Special Master has been appointed for the limited purpose of reviewing the seized materials for privilege, and anything determined not to be privileged should be released to the investigative team of AUSAs and FBI agents. Federal Rule of Criminal Procedure 41 and the search warrants authorize the Government to review all the materials released by the Special Master and then mark "responsive" the subset of materials that is covered by the warrant. The temporal limitation is part of that responsiveness review. In other words, The Government is not "constrained" by the temporal limitation from reviewing the materials seized pursuant to the warrants, but is "constrained" by the terms of the warrant from marking items "responsive" if they fall outside the time-limited period or are not covered in the items listed in the warrant rider. The Government's view is informed by Rule 41, which permits such a review, and case law rejecting attempts at ex ante limitations on the scope of review. We also believe that, as a result of technical issues relating to how the data are time-stamped, imposing a temporal limitation without any review will result in technical errors such as potentially responsive data not being included."

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 6

to only engage in a review of the 18-month period specified in the warrants for privileged material and that there is no need to review the 23 plus years of material outside the search warrant dates for issues of privilege.

Following the privilege review, the only material or data that should be released to the Government is that data within the search warrant dates. The Government is entitled to review all of that material for responsiveness. By our request for direction to the Special Master and counsel, we are not seeking to block Government access to relevant materials. After the Government reviews the material within the dates of the search warrants, if they believe that there is a need for additional inquiry, the Government can: (1.) seek an additional search warrant; (2.) issue a grand jury subpoena duces tecum or (3.) simply request counsel for Giuliani to voluntarily produce that which they seek, as we have previously offered.[4]

The investigation being conducted by the Government is alleged by them, to be in search of a possible FARA violation involving Ukrainian individuals, Ambassador Maria Yovanovitch and the office of the U.S. Ambassador to the Ukraine; a trip by Giuliani to Poland in 2019 and issues involving Franklin

---

[4] Our request seeks to avoid a prohibitively expensive search for privileged matters well outside the relevant dates specified in the search warrants. Surely no Court would authorize a search for 23 plus years of irrelevant information as the Government would now have us do. Again, we repeat that the Government, until it reviews this application, has no idea that they are seeking to review twenty-six years' worth of data.

930815.v1

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 7

Templeton and funds misappropriated from the Ukraine. Simply stated, nothing relating to those individuals and events occurred prior to August 1, 2018, which is why the Government selected that date in the search warrants and presumably supported that date selection in the affidavit or affidavits in support of those search warrant applications. The absurdity of the Government's position in light of the fact that we now know the request will encompass twenty-six years' worth of data, is best illustrated by noting that Rudy Giuliani was Mayor of the City of New York from 1994 to 2001. Does the Government really believe that it is entitled to review records of then Mayor Giuliani to see if there was a violation of FARA in 2018 or 2019?[5] Perhaps the Government will reconsider, when they realize they are seeking to review data from Giuliani's time as a partner in Bracewell & Giuliani, the firm where the Special Master, Hon. Barbara Jones (Ret.), is now a partner.

---

[5] To put this into further perspective so this Court can see the weakness of the Government's entitlement belief, we share some statistical evidence provided to us by Trustpoint.One ("Trustpoint"), that is contained in a letter from Trustpoint  to counsel for Giuliani, which is attached as Exhibit A and made a part of this application. While Trustpoint, is still loading the enormous amount of data delivered to them by the Government's vendor, PAE, covering everything discovered on the devices without regard to any time limitations, they report that they have seen email data from as early as February 24, 1995  and  TXT and HTML as late as July 23, 2021. Recognizing that Trustpoint has not yet completed loading all of the data received, they report that they have processed and loaded 285,076 files on one of the hard drives, of which only 527 files are within the date range specified in the search warrants. That means only .00184 percent of the files are from the relevant time period. Basically, two tenths of one percent of the data being dumped on the Special Master and counsel for Giuliani concern the date limitations in the search warrants, yet the Government seeks to mandate that the Special Master and counsel for Giuliani are required to search that non-relevant 99.9% of the data for privilege issues.

930815.v1

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 8

The warrants in question involve the April 30, 2021 searches of the home and office of the then personal attorney to the President of the United States; the former Mayor of the City of New York and the United States Attorney for the Southern District of New York. Since these are searches of a lawyer's home and office, care must be taken to avoid intruding upon the attorney client and work product privileges of clients who shall remain nameless, in addition to the attorney client privilege, work product privilege and executive privilege of the President of the United States, Donald Trump.

Both the Special Master and counsel for Giuliani need guidance as to what materials they need to review for the purpose of claiming privilege. Are we to review the less than one percent of the data that relates to the time period specified in the search warrants or must we wade through the 99% of the data that has no conceivable relevance to the investigation just to ethically protect the attorney client privilege of unnamed clients.[6]

The Special Master and counsel for Giuliani are faced with a data dump for 23 years before the start date in the subpoenas and 19 months after the end of the subpoenas. Without this Court's direction, we will be forced to expend countless

---

[6] Our expert, Trustpoint, has made it clear that segregating the data from that time period contained in the warrants is a relatively easy task. (Exhibit A, attached).

930815.v1

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 9

hours and enormous expense reviewing records outside the scope of the warrants to

protect attorney client privileges and work product privileges for clients who have

nothing to do with this investigation. That procedure, which the Government admits

it is going to deploy, will result in turning the particularized search warrants into

prohibited general search warrants.

It is not a legitimate tactic of Government to put Giuliani and his counsel

through this very expensive and time-consuming search to satisfy Giuliani's ethical

obligation to protect the rights of unnamed clients.[7] Those unnamed clients have

nothing to do with anything legitimately being investigated. As demonstrated in the

attached letter of Trustpoint, it is an easy process for the experts to segregate all of

the material found on the devices between the dates initially selected by the U.S.

Attorney and then approved by this Court in the probable cause determination made

when the warrants were authorized. Absent a mandate from this Court, the

Government will treat this as a general search warrant and literally rummage through

everything on Rudy Giuliani's devices for the past twenty-six years.

**THE GOVERNMENT'S INVESTIGATION**

In April of 2021, the Government sought search warrants for the electronic

---

[7]     When the Government announced its intention to review everything that was not privileged or otherwise
protected, it was unaware of the extent of the data it had captured.

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 10

devices of Rudolph Giuliani to obtain the same records they had sought in a covert warrant eighteen months earlier. The records sought were communications between Giuliani and 12 identified individuals during the period August 1, 2018 to December 31, 2019 seeking evidence that would establish a violation of the Foreign Agents Registration Act ("FARA"). This was essentially the same time period of communications sought in the first "covert" search warrant. The Government simply moved the starting date from May 1 to August 1, 2018 and extended the end date past the date of the covert warrant in November 2019, to the end of the year, December 31, 2019. The information the Government sought was essentially the same as it had previously sought in the "covert" warrant whose existence was kept from Giuliani, his counsel and President Trump for over 18 months, and only revealed after the execution of the overt search warrants at the end of April 2021.

In this proceeding, we are not concerned with the "covert" warrant, only the overt warrants issued and executed on Rudolph Giuliani's apartment, office and personally.

**PRIVILEGE REVIEW BY THE SPECIAL MASTER**

This Court, at the urging of both the Government and counsel for Giuliani, appointed a Special Master, Hon. Barbara Jones (Ret.), to make initial rulings on

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 11

issues of attorney client privilege, work product privilege and executive privilege, as Giuliani was, during the time period specified in the search warrants, an attorney at law in the State of New York, who represented and advised private citizen clients as well as Donald Trump, the then President of the United States.

Search warrants for lawyers' offices and residences are frowned upon, even by the Justice Department Manual. Special permission must be sought and granted by Main Justice before a United States Attorney is authorized to seek Court approval of a search warrant for the offices or home of an attorney. Even then, the Government is advised to use the least intrusive means possible to obtain the information in question. These safeguards are necessary to protect the attorney client privileges of clients who have nothing to do with the matter that is under investigation.[8] If caution and limitations were ever to be required, this is the case. If limitations were placed upon the conduct of the Government in executing the search warrants issued, this is the case in which they should be scrupulously adhered to.

The Government's stated intention to rummage through everything that they have extracted from the devices without any limitation requires a Court response to

---

[8] In this instance, the attorney in question, Rudolph W. Giuliani, was the former Associate Attorney General of the United States of America; the United States Attorney for the Southern District of New York; the former Mayor of the City of New York and the then personal lawyer to the President of the United States.

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 12

direct what the Special Master and counsel for Giuliani are expected to do, before

the Government gains access to the data. The Government's stated intention  would

convert the search warrants into general warrants prohibited by the Fourth

Amendment. The Government should only be provided with the non-privileged

material for the time period August 1, 2018 to December 31, 2019 and the

Government and or its vendor, PAE, should be directed to return or destroy the

material outside the parameters of the search warrants.

**THE APRIL 2021 WARRANTS**

On April 21, 2021, this Court (U.S.D.J., J.Paul Oetken) issued search warrants

for the premises of Rudolph W. Giuliani, located at 45 East 66th Street, Unit 10 W,

New York New York, as well as the Office of Rudolph W. Giuliani located at 445

Park Avenue, New York New York and the person of Rudolph Giuliani. The

warrants sought evidence believed to be located on Giuliani's electronic devices,

during the time period from August 1, 2018 to December 31, 2019 relating to a

possible violation of the Foreign Agents Registration Act ("FARA") statute, 22

U.S.C. Sections 612 and 618; attempting to and causing a violation of those statutes,

18 U.S.C., Section 2; and Conspiracy to violate the foregoing statutes, 18 U.S.C.

Section 371. This Court found probable cause to search and seize the person or

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 13

property for any and all electronic devices and then following the seizure of those

devices, the warrants authorized the Government or its agents "and outside technical

experts … are authorized to review the ESI" (Electronically Stored Information) "for

evidence and instrumentalities of (the crimes specified above) FOR THE TIME

PERIOD AUGUST 1, 2018, UP TO AND INCLUDING DECEMBER 31, 2019"

(emphasis added) for: (1.) evidence, including but not limited to communications

with or regarding 12 identified individuals; or (2.) evidence relating to Marie

Yovanovitch and the position of U.S. Ambassador to Ukraine, including but not

limited to, any communications with any U.S. Government officials or employee

regarding Yovanovitch or the position of U.S. Ambassador to Ukraine; (3.) retainer

agreements with any Ukrainian governmental entity official or national including

but not limited to Lutsenko; or (4.) evidence of any work or potential work

concerning Franklin Templeton or the recovery of assets stolen from the Ukraine;

(5.) evidence relating to a trip by Rudolph Giuliani to Poland in February 2019; or

(6.) any evidence of knowledge of the FARA laws or lobbying including, but not

limited, to knowledge of the requirement to register as an agent of a foreign

principal, or of the prohibition of acting on behalf of, lobbying for, or making

contributions on behalf of a foreign principal.

930815.v1

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 14

The search warrants "authorized the review of the ESI contained therein that
was sent, received, posted, created, or otherwise accessed, established, modified, or
deleted BETWEEN THE TIME PERIOD AUGUST 1, 2018 AND DECEMBER 31,
2019 for information responsive to the warrant." (emphasis added).

Additionally, the warrant provided: "Law enforcement personnel will make
reasonable efforts to search only for files, documents, or other electronically stored
information WITHIN THE CATEGORIES IDENTIFIED IN SECTION III B OF
THIS ATTACHMENT. However, law enforcement personnel are authorized to
conduct a complete review of all the ESI from seized devices or storage media IF
NECESSARY TO EVALUATE ITS CONTENTS AND TO LOCATE ALL DATA
RESPONSIVE TO THE WARRANT." (Emphasis added).

The Government has made it clear in an email to counsel for Giuliani that,
relying on the last ("IF NECESSARY") phrase contained above, it does not believe
it is under any limitations as to what it may review after the privilege issues are
decided following the Special Master's review and determination of privilege issues
raised by counsel for Giuliani. Necessarily, this means counsel for Giuliani and the
Special Master must review everything pre and post the temporal limitations in the
warrant.

930815.v1

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 15

The Government will perhaps claim that this general search of the ESI that they propose to conduct, is necessary to evaluate its contents and locate all data responsive to the warrant. This argument is sophistry designed to allow the Government to search everything (although they do not know that means twenty-six years' worth of data) when the search warrants are clear that the Government can only search the ESI found between the dates of August 1, 2018 and December 31, 2019. The "if necessary" clause, allows the Government to review all ESI within the same time period to establish responsiveness. Any other interpretation would render the date limitations contained in the search warrants meaningless and would convert those search warrants into prohibited general search warrants. The "if necessary" clause is not an excuse to simply ignore the temporal limitations that the Government themselves proposed and this Court accepted, for the search warrants. The Government could have chosen any other dates that they could supply probable cause for, but these are the dates they selected, and this is the data they should be limited to reviewing.

Counsel for Giuliani has no problem with or objection to the Government reviewing everything within the search warrant time period.  If the Government discovers evidence that establishes probable cause to believe there may be additional

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 16

relevant documents outside that time period, they will be free to seek a search warrant or simply serve a subpoena duces tecum for that material.

## ARGUMENT

### POINT I

### This Court should direct the Special Master and counsel for Giuliani to conduct the privilege review of all data within the Temporal Limitations Contained in the Search Warrants

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV; see *United States v. Grubbs*, 547 U.S. 90, 97 (2006). As this Court noted in *United States v. Zemlyansky,* 945 F.Supp.2d 438 (S.D.N.Y ., 2013) (Oetken, J.): "this requirement traces directly back to the Framers' experience of tyranny before this Nation's founding".

The Fourth Amendment to the Constitution was a direct result of the opposition to the English Crown's use of general warrants. The particularity requirement of the Fourth Amendment "ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." *Maryland v. Garrison,* 480

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 17

U.S. 79, 84, (1987). The idea behind the "particularity" requirement was to prevent "general searches, preventing the seizure of objects upon the mistaken assumption that they fall within the magistrate's authorization…" *United States v. Young*, 745 F.2d 733, 759 (2d Cir. 1984). In the Second Circuit, to be sufficiently particular, a warrant must satisfy three elements. First, "a warrant must identify the specific offense for which the police have established probable cause." *United States v. Galpin*, 720 F.3d 436, 445 (2d Cir. 2013). Second, "a warrant must describe the place to be searched." Third, the warrant must specify the items to be seized by their relation to the designated crimes. *Id.* at 446. Describing with particularity the "things to be seized" has two distinct elements. See *United States v. Upham*, 168 F.3d 532, 535 (1st Cir. 1999).  First, the warrant must describe the things to be seized with sufficiently precise language so that it tells the officers how to separate the items properly subject to seizure from irrelevant items. This requirement prevents a "general, exploratory rummaging in a person's belongings," *Coolidge v. New Hampshire,* 403 U.S. 443, 467, (1971) and it "makes general searches ... impossible and prevents the seizure of one thing under a warrant describing another. With regard "to what is be taken, nothing is left to the discretion of the officer executing the warrant." *Stanford v. Texas*, 379 U.S. 476, 485 (1965); *Marron v. United States*, 275

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 18

U.S. 192, 296 (1927). Second, the description of the things to be seized should be limited to the scope of the probable cause established in the warrant. See, *In re Grand Jury Investigation Concerning Solid State Devices, Inc.,* 130 F.3d 853, 857 (9th Cir. 1997). Many courts "have found warrants for the seizure of [business] records constitutionally deficient where they imposed too wide a time frame or failed to include one altogether. *United States v. Cohan*, 628 F.Supp.2d 355, 365-66 (E.D.N.Y. 2009). *See also, United States v. Levy,* 2013 WL 664712 (S.D.N.Y. 2013) ("Several courts in this Circuit have recognized the constitutional questions that are raised by the lack of a specific date range in a warrant for documentary records and warned the Government to include one when possible."). Likewise, in *United States v. Hernandez*, 2010 WL 26544 (S.D.N.Y. 2010), the court stated that "a failure to indicate a time frame could render a warrant constitutionally overbroad because it could allow the seizure of records dating back arbitrarily far and untethered to the scope of the affidavit which ostensibly provided probable cause." In *Zemlyansky, id.* this very court recognized the importance of temporal or date limitations because it found that the absence of such limitations  reinforced the court's conclusion that the [warrant] functioned as a general warrant. *Id.* at 459-60.

This particular warrant, authorized by this court, did indeed specify the crimes

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 19

being investigated and the temporal limits of the search warrant. This request for intervention and direction to the Special Master and counsel for Giuliani is necessitated because the Government announced its intention to disregard the temporal limits and treat them as if they were not there. All of the previously cited cases, considered together, forbid agents from obtaining "general warrants" and instead require agents to conduct narrow seizures that attempt to "minimize[] unwarranted intrusions upon privacy." *Andresen v. Maryland*, 427 U.S. 463, 482 n.11 (1976). The Second Circuit has noted that "[a] general search of electronic data is an especially potent threat to privacy, because hard drives and e-mail accounts may be 'akin to a residence in terms of the scope and quantity of private information [they] may contain.'" *United States v. Ulbrecht*, 858 F.3d 71, (2d Cir. 2017); *United States v. Shipp*, 392 F. Supp.3d 300, 307 (E.D.N.Y. 2019). Here the warrants arguably were sought in compliance with the law, but the Government intends, in effectuating the seizures, to disregard the temporal restrictions, therefore requiring counsel for Giuliani and the Special Master to sort through 23 years of irrelevant data in order to protect attorney client privileges of old clients.

In this case, the agents were authorized to seize data (that was contained in Giuliani's electronic devices) that was defined as existing between the dates of

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 20

August 1, 2018 and December 31, 2019 and which data fit into certain categories specified in the warrants, namely communications concerning a possible FARA violation between Giuliani and twelve specified individuals; communications involving retainer agreements between Giuliani and Ukrainian citizens; communications regarding Ambassador Yovanovitch or the office of the U.S. Ambassador to the Ukraine; a Giuliani trip to Poland in 2019; or dealings with Franklin Templeton seeking the return of assets  from the Ukraine.

The data and information sought was believed to be contained in various electronic devices (computers and cell phones) in the possession of Rudolph Giuliani or in his home or office. The data sought is the evidence, not the container in which that evidence is found. The computer is "evidence" only to the extent that some of the data it stores is evidence. See *United States v. Giberson*, 527 F.3d 882, 887 (9th Cir. 2008) ("Computers, like briefcases and cassette tapes, can be repositories for documents and records."). When probable cause to search relates in whole or in part to information stored on the computer, rather than to the computer itself, the warrant should identify that information with particularity, focusing on the content of the relevant files rather than on the storage devices which may happen to contain them. See, e.g., *United States v. Otero*, 563 F.3d 1127, 1132 (10th Cir. 2009) (stating that

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 21

the ability of a computer to store "a huge array" of information "makes the particularity requirement that much more important"); *United States v. Vilar*, 2007 WL 1075041, at *36 (S.D.N.Y. 2007) ("underlying information must be identified with particularity and its seizure independently supported by probable cause"); *United States v. Carey*, 172 F.3d 1268, 1275 (10th Cir. 1999) (stating that a warrant to seize evidence stored on a computer should specify "which type of files are sought"). Failure to focus on the relevant files may lead to a Fourth Amendment violation. For example, in *United States v. Riccardi*, 405 F.3d 852, 862 (10th Cir. 2005), which involved an investigation into harassing phone calls, the court held that a warrant authorizing seizure of all storage media and "not limited to any particular files" violated the Fourth Amendment. In *United States v. Abrams,* 615 F.2d 541, 545 (1st Cir. 1980) the Court held that in a case concerning the search of billing records at doctors' offices for evidence of Medicare and Medicaid fraud, that "[a] time frame should have been incorporated in the warrant." Here we have a time frame in the warrant, but the Government has announced its intention not to be "constrained" by that time period. Agents should be particularly careful when seeking authority to seize a broad class of information. This sometimes occurs when agents plan to search computers at a business. See, e.g. *United States v. Leary and*

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 22

*F.L. Kleinberg & Co.*, 846 F.2d 592, 600-04 (10th Cir. 1988). Agents cannot simply

request permission to seize "all records" from an operating business unless agents

have probable cause to believe that the criminal activity under investigation pervades

the entire business. See *United States v. Ford*, 184 F.3d 566, 576 (6th Cir. 1999)

(citing cases); *In re Grand Jury Investigation Concerning Solid State Devices, Inc.*,

130 F.3d 853, 857 (9th Cir. 1997). A similarly dangerous phrase, "any and all data,

including but not limited to" a list of items, has been held to turn a computer search

warrant into an unconstitutional general warrant. *United States v. Fleet Management

Ltd.*, 521 F. Supp. 2d 436, 443-44 (E.D. Pa. 2007); see also *United States v. Otero*,

563 F.3d 1127, 1132 (10th Cir. 2009) (warrant authorizing seizure of "any and all

information and/or data" fails the particularity requirement). Instead, the description

of the files to be seized should be limited. As the Second Circuit noted in *United

States v. George*, 975 F.2d 72, 74 (2d Cir. 1992): "Because everyone has some kind

of secret or other, most people are anxious that their personal privacy be respected.

For that very human reason the general warrant, permitting police to ransack one's

personal belongings, has long been considered abhorrent to fundamental notions of

privacy and liberty."

  In this case, the agents were authorized to seize certain specified data from a

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 23

specific time period that was contained on the devices in question. The authorization

was for specific data from a specific time period. The fact that the data authorized

was contained on devices which held data for an additional 23 plus years does not

authorize the agents to review that private data. To claim otherwise, as the

Government seemingly does here, is the same as claiming that the search warrants

issued are general search warrants which allow the Government to rummage through

everything contained in the electronic devices. Certainly, this is not what this Court

authorized. Courts impose these particularity requirements so as to not "leave to the

unguided discretion of the officers executing the warrant the decision as to what

items may be seized." *United States v. Riley*, 906 F.2d 841, 844 (2d Cir. 1990).

As part of the particularization requirement for search warrants, courts have

said that the time frame of the records involved should be listed when known. See,

e.g., *United States v. Kow*, 58 F.3d 423, 427 (9th Cir. 1995) (invalidating warrant

for failure to name the crime or limit seizure to documents authored during time

frame under investigation); *United States v. Ford*, 184 F.3d 566, 576 ( 6th Cir. 1999)

(Failure to limit broad descriptive terms by relevant dates, when such dates are

available, will render a warrant overbroad) citing

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 24

F.2d 75, 78 (9th Cir.1982); *United States v. Abrams*, 615 F.2d 541, 545 (1st Cir.1980)("A time frame should also have been incorporated into the warrant").

That is not the case here, this Court issued these warrants based upon affidavits and evidence presented by the Government, which authorized a search for specific data between certain dates. The problem here is that the Government now wants to ignore those dates and leave it to their investigative agents to review whatever they want from the devices they seized. Physical possession of the Giuliani devices does not give the Government license to search everything on those devices. The evidence is not the devices, it is the data, and the search warrants place restrictions on what data can be seized and reviewed by the government. Under these circumstances, if the Government had left out the dates in their application to this Court, as they want to do now in the execution of the warrants, those warrants would be struck down as unconstitutional and the evidence suppressed. It is particularly important in the current situation, where we are dealing with the private and business records of the attorney for the then sitting President of the United States, that the limitations imposed by the search warrants have meaning. This is not the occasion to excuse a planned rummaging of an attorney's records. Nor is it even remotely proper for the Government to impose this enormous expense on Giuliani to prevent

930815.v1

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 25

the Government from rummaging through the records of clients over a 26-year

period, who have nothing remotely to do with this purported FARA investigation.

## **Conclusion**

Although a temporal limitation is not always a necessity, here, the

Government acknowledged the need for temporal particularity, and limited the

warrant accordingly. To avoid the Government's plan to search twenty-six years of

private and professional data that the Special Master turns over following the

privilege review, we respectfully ask this Court to instruct the Special Master and

counsel for Giuliani that the data to be reviewed is that which is within the temporal

limits of the search warrants, namely August 1, 2018 to December 31, 2019. That is

the only data that should be turned over to the Government. The other 23 plus years

of data should be returned to Giuliani or destroyed.

Respectfully submitted,

DAVIDOFF HUTCHER & CITRON LLP

/s/ Robert J. Costello
Robert J. Costello (RC-8301)
*Counsel for Rudolph Giuliani*
605 Third Avenue
New York , New York 10158
Tel: (212) 557-7200

DAVIDOFF HUTCHER & CITRON LLP

Hon. J. Paul Oetken
United States District Judge
August 27, 2021
Page 26

AIDALA, BERTUNA &KAMINS, PC
Hon. John M. Leventhal (Ret.)
Michael Jaccarino
*Co-Counsel for Rudolph Giuliani*
545 Fifth Avenue
New York, New York 10036
Tel: (212) 486-0011

cc: AUSA Rebekah Doneleski
    AUSA Nicolas Roos
    AUSA Aline Flodr

930815.v1