# EXHIBIT A



August 25, 2021

**Robert J. Costello, Partner**
Davidoff Hutcher & Citron, LLP
605 Third Avenue
New York, NY 10158

Dear Robert,

1. Trustpoint One ("TP1") has been retained by Rudolph W. Giuliani as his eDiscovery vendor in connection with a Grand Jury investigation being conducted by the U.S. Attorney's Office for the Southern District of New York.
2. TP1 has received three separate drives of data on three separate dates from the Government's vendor, PAE Litigation Support of Falls Church, Virginia. We had requested that PAE supply the data as zip files as that would make copying the data onto our platform much faster. Unfortunately, PAE did not deliver the data in the requested format and the result is that it is taking much longer than anticipated to load the data onto our platform.
3. Of the three hard drives received at different times, we have fully loaded one drive; we are more than 95 % complete with a second drive and the third drive was only received yesterday August 24, 2021.
4. Our analysis of the drive that is complete demonstrates that it has data from a twenty six year period, with the earliest email being dated February 24, 1995 and the latest data being July 23, 2021. The MasterDates, the metadata field from the files received, from 7/23/21 are mostly TEXT and HTML files, not emails, these date values create the question of whether the Government's processing of the metadata is correct or not, to be clear, the underlying date value that was provided in the load file, for the MasterDate was 'Last Modified Date' which is another metadata field included in the deliverable from the government. It is quite possible that the analysis of the other two drives will result in an even greater time period than the twenty six years already established.

3200 Cobb Galleria Parkway
Suite 200
Atlanta, GA 30339

404.592.1867
855.669.1205

www.trustpoint.one
anand.daharry@trustpoint.one

5. We understand that the date parameters set forth in the search warrants covers a period of 18 months from August 1, 2018 to December 31, 2021. The data provided by the Government covers at least a twenty six year period from February 24, 1995 to July 23, 2021. Those last dates may expand as we complete the loading of the data from the other two drives.
6. It is a relatively easy process to segregate all of the data during the time period set forth in the search warrants via our eDiscovery industry standard tools and we have been asked by our client to do just that once the entire amount of data from the three drives is loaded on our platform.
7. As an example of what we have discovered so far: we completed loading drive number 2 delivered by the Government's vendor, PAE, and determined that Drive 2 contains approximately 400 GBs of data which equates to 285,076 files of which only 527 fall within the date range set forth in the search warrants. That means that .00184 percent of the data is within the time period specified in the search warrants. We will perform the same analysis on Drives 1 and 3 when they are finished loading on our platform.
8. To provide the Court with a measure of the vast amount of data that the Government's vendor PAE, has provided to us, Drive 1 contains 741GB; Drive 2 contains 400 GB; and Drive 3 contains 900 GBs. The three drives combined covers at least a time period of February 24, 1995 to July 23, 2021 which is more than twenty six years.
9. It would take an extraordinary amount of time and an enormous expense to have to search twenty six years of data for attorney client privilege, work product privilege , executive privilege and highly personal information. The task would be much easier and far less expensive to conduct IF it only contained the eighteen month period of August 1, 2018 to December 31, 2019 from the search warrant.

Warm Regards,

**Anand DaHarry**
Senior Director, Discovery Solutions & Client Relations