# brown rudnick

MICHAEL J. BOWE
MBowe@brownrudnick.com

E. PATRICK GILMAN
PGilman@brownrudnick.com

August 30, 2021

**BY EMAIL/ECF**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

**RE:** *In re Search Warrant dated April 28, 2021*, **21-MC-425 (JPO)**

Dear Judge Oetken:

  This firm represents Victoria Toensing in the above referenced matter, and writes to join in Mr. Giuliani's August 27, 2021 letter brief application ("Mr. Giuliani's Letter") requesting that the temporal limitation of the above referenced search warrant (the "Warrant") be adhered to with respect to Special Master review and production to the Government.[1] To do so, Ms. Toensing asks that the Court instruct the Special Master, the Government, and counsel that the *only* documents and data the Government may review are that which fall within the temporal limits of the Warrant from January 1, 2019 to December 31, 2019. Search Warrant, 21 Mag. 4591 ("[T]his warrant authorizes the seizure of materials created, accessed, or *dated January 1, 2019 to December 31, 2019*." (emphasis added)).[2]

  To be clear, the Government's document collection database contains emails, chats, text messages, and other electronic data obtained from Ms. Toensing's device ranging from at least October 29, 2013 through April 29, 2021.[3] The Government is not entitled to years' worth of data that far exceeds the temporal limitations specified in the Warrant under these circumstances. To be sure, Ms. Toensing is not

---

[1] Courts in this district routinely consider so-called "me-too" motions "incorporating the arguments of the other [interested parties]." *Mishkin v. Ageloff,* No. 97 CIV. 2690 LAP, 1998 WL 651065, at *1 n.1 (S.D.N.Y. Sept. 23, 1998); *see also Creative Waste Mgmt., Inc. v. Capitol Env't Servs., Inc.*, 429 F. Supp. 2d 582, 611 (S.D.N.Y.), *supplemented*, 458 F. Supp. 2d 178 (S.D.N.Y. 2006) (siding with a party who "filed a 'me-too' motion in opposition incorporating by reference the arguments made by" a similarly-situated party). Likewise, the U.S. Court of Appeals for the Second Circuit allows parties to "join in a brief" or "adopt by reference a part of another's brief" via a simple letter. Fed. R. App. P. 28(i); *see United States v. Pryor*, 474 F. App'x 831, 832 n.2 (2d Cir. 2012) (allowing one party to join in another's arguments "by letter" (citing Fed. R. App. 28(i)).

[2] Ms. Toensing previously briefed her objections to the Government's review of the documents and data seized pursuant to the November 4, 2019 and December 13, 2019 "covert warrants," and this Court has ruled on her objections. While Ms. Toensing's objections stand, we do not ask that those issues be relitigated here.

[3] The Government's database includes emails dated from May 16, 2015 through April 28, 2021, chats from October 29, 2013 through April 27, 2021, and text messages from May 16, 2015 through April 28, 2021. The Government's database also displays additional data post-dating the collection date, such as calendar events through the end of 2022.



The Honorable J. Paul Oetken
August 30, 2021
Page 2

quibbling over a few files. Rather, the out-of-term collection includes literally tens of thousands of Ms. Toensing's communications. The Government is more than capable of identifying those documents that fall within the Warrant's date range and those that do not. If, after an attempt to differentiate, the Government identifies a number of documents that are unclear with respect to time period or privilege, Ms. Toensing's counsel is happy to meet and confer concerning those particular documents.

### A. Request for Relief

Mr. Giuliani's Letter, the arguments of which Ms. Toensing adopts in full, clearly establishes the unconstitutionality of the Government's proposed conduct—conducting an unauthorized, general search through years' worth of Ms. Toensing's data radically exceeding the temporal scope of the Warrant. Indeed, the Fourth Amendment dictates that only data falling within the scope of the Warrant may be accessible to the Government. *Andresen v. Maryland*, 427 U.S. 463, 480 (1976) ("General warrants of course, are prohibited by the Fourth Amendment."). And, as with Mr. Giuliani, at least thousands of Ms. Toensing's collected documents have absolutely nothing to do with the Government's purported investigation into an alleged Foreign Agents Registration Act issue arising in 2019. The Court should therefore order the Government to either return or destroy all of Ms. Toensing's data which falls outside the scope of the warrant. *See United States v. Mendlowitz*, No. 17 CR. 248 (VSB), 2019 WL 1017533, at *11 (S.D.N.Y. Mar. 2, 2019) (considering, in another context, whether the Fourth Amendment required that "the Government should return or destroy the non-responsive portions of the seized evidence"); *United States v. Cutting*, No. 14-CR-00139-SI-1, 2017 WL 282590, at *10 (N.D. Cal. Jan. 23, 2017) (requiring the Government, because it "seized electronic documents that are outside the scope of the warrant," to "delete or destroy these documents" or "file a declaration explaining why" technical limitations made destruction impossible in that case); *see also* Fed. R. Crim. P. 41 (governing search and seizure processes).

Accordingly, Ms. Toensing respectfully requests that the Court direct the Special Master, the Government, and counsel to limit its review of data to the temporal limitations of the Warrant, and return or destroy all other data. For data obtained from Ms. Toensing's device, this period is limited to January 1, 2019 through December 31, 2019, based on the dates the Government itself selected when it chose to pursue the Warrant. Ms. Toensing further requests that the Court follow the additional procedures outlined in Mr. Giuliani's Letter, lest the Government conduct a constitutionally-prohibited, general search through years of an attorney's personal and professional data that far exceeds the scope and purpose of the Warrant. Should the Government seek to review a small number of documents without a clear date stamp, the parties can meet and confer and submit any unresolved disputes to the Special Master without further bothering the Court with time-consuming, expensive motions practice and appeals.

Respectfully submitted,

**BROWN RUDNICK LLP**

Michael J. Bowe
E. Patrick Gilman


Cc: Honorable Barbara Jones (Retired), Special Master (Bracewell LLP)
    Audrey Strauss, Esq. (United States Attorney for the Southern District of New York)
    Rebekah Donaleski, Esq. (Assistant United States Attorney)



The Honorable J. Paul Oetken
August 30, 2021
Page 3

Nicolas Roos, Esq. (Assistant United States Attorney)
Aline Flodr (Assistant United States Attorney)