# brownrudnick

MICHAEL J. BOWE
MBowe@brownrudnick.com

E. PATRICK GILMAN
PGilman@brownrudnick.com

September 13, 2021

**BY EMAIL/ECF**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

RE:   *In re Search Warrant dated April 28, 2021*, 21 Mag. 4591

Dear Judge Oetken:

      This firm represents Victoria Toensing in this matter. We write to respond to the Government's August 27, 2021 letter concerning Mr. Firtash's motion to intervene that included certain inaccurate and gratuitous assertions concerning Ms. Toensing.

      The Government's letter mischaracterizes Ms. Toensing's position by asserting that she "appears to not intend to protect" Mr. Firtash's privileged information. This is a serious and inaccurate accusation against an accomplished member of the bar. Beginning immediately upon the seizure of her phone, Ms. Toensing, through counsel, has taken all steps available to protect the privileges of her clients, including, among other things, applications to this Court concerning the protection, review, and return of those privileged materials. Indeed, Ms. Toensing also sought protections for her clients with respect to the privileged materials previously seized in 2019 without her knowledge through covert warrants.

      Since undertaking those steps in the immediate aftermath of the Government's seizure, Ms. Toensing has also diligently conferred with all those whose potentially privileged materials the Government may have seized. To date, the only client who has indicated he wants to participate in the Special Master process is her former client, Mr. Firtash. However, he has elected to do so through his current litigation counsel at Winston & Strawn LLP, which, of course, is his prerogative.

      With respect to the others, the Government has not cited, and we have not found, authority holding that these non-parties to this proceeding need to do anything to protect their privileges. The same is true with respect to the Government's inapposite and gratuitous assertions in footnote 2 about waivers of Ms. Toensing's own privileges. These assertions are entirely irrelevant to Mr. Firtash's motion to intervene and, more importantly, not supported by any authority. We disagree with the Government's unsupported


implication that Ms. Toensing or her non-party clients need to engage in any process to preserve privileged materials the Government has seized via a warrant.

This is most obvious with respect to Ms. Toensing's spousal privilege. These communications are privileged on their face and require no review or analysis to establish that privilege, which remains secure absent some extraordinary showing and justification from the Government, which it has not made. To be clear, whether any of Ms. Toensing's clients elect to intervene or direct her to participate in the Special Master process on their behalf has nothing to do with her personal privileges, which she does not waive. Nor has any client directed Ms. Toensing to waive any privileges on its behalf.

The incoherence of the Government's waiver suggestion is evident from the fact that it previously seized virtually all of the same materials from third-party data sources and reviewed them for privilege without a Special Master or any participation from Ms. Toensing. If these privileges were not waived through that process despite the lack of knowledge or participation by Ms. Toensing or her clients, they cannot coherently be waived simply because the Government has asked that a Special Master instead of a filter team review the same materials seized from a different source.

The Government's attempt to impose a requirement that a lawyer or client engage in a costly and time-consuming endeavor to preserve a privilege over materials the Government seized via warrant and has previously reviewed without their knowledge or input constitutes an undue burden of their Sixth Amendment rights. This undue burden is dramatically magnified here by the Government's position now that it is entitled to review even materials seized that are clearly identifiable as outside the scope of the warrant's date range.[1] Thus, the Government is asserting that to protect their privileged information seized pursuant to a warrant covering a 12-month period, Ms. Toensing and her clients must review and log almost 6 years of data. This is neither reasonable, fair, nor Constitutional.

For this reason, Ms. Toensing has joined in Mr. Giuliani's motion to preclude the Government from extending the review beyond the warrant's stated time and subject matter limitations. In the event the Court permits the Government's review to exceed that range, certain clients whose matters fall within that expanded range have indicated they may seek to intervene in this action.

Respectfully submitted,

**BROWN RUDNICK LLP**

Michael J. Bowe

Cc: Honorable Barbara Jones (Retired), Special Master (Bracewell LLP)
Audrey Strauss, Esq. (United States Attorney for the Southern District of New York)
Rebekah Donaleski, Esq. (Assistant United States Attorney)

---

[1] In initial discussions on this issue before the Special Master, the Government initially seemed to acknowledge that only data within the designated date limitations would be the subject of review (subject to a process to resolve ambiguous data) but has since rejected the unassailable reality—reflected in judicial discovery orders every day—that most electronic data is easily dated. That doing so may impose some effort does not justify the Government's attempt to shift the burden to those whose data it has seized.



*In re Search Warrant dated April 28, 2021*, 21 Mag. 4591
September 13, 2021
Page 3

Nicolas Roos, Esq. (Assistant United States Attorney)
Aline Flodr (Assistant United States Attorney)