<a>
<b></b>
</a>



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 27, 2021

**BY EMAIL**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

    Re:   <u>In re Search Warrants dated April 21, 2021, and April 28, 2021</u>, 21-MC-425 (JPO)

Dear Judge Oetken:

    The Government writes in response to the motion to intervene filed on August 17, 2021, by counsel to Dmitry Firtash, a former client of Victoria Toensing ("Mot.").[1] In that motion, Mr. Firtash seeks to intervene in the above-captioned action for the purpose of participating in the filter review conducted by the Hon. Barbara S. Jones, the Court-appointed Special Master. For the reasons that follow, the Government does not object to Mr. Firtash participating in the review for the limited purpose of reviewing potentially privileged materials related to him.

    As a preliminary matter, Mr. Firtash's motion is properly cognizable as a motion to intervene pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. Although Mr. Firtash argues that this is a criminal matter, and cites case law applicable to criminal actions (Mot. 3), it is plainly not a criminal case as neither Rudolph Giuliani nor Ms. Toensing have been indicted. Instead, this action was initiated as a miscellaneous action and accordingly, civil law applies. As set forth in the Government's June 7, 2021 letter, Rule 24(a) of the Federal Rules of Civil

---

[1] As noted in the Government's June 7, 2021 Letter, the Government continues to submit that Mr. Firtash has not set forth sufficient justification for the entirety of letter briefing related to him, including his name, to be maintained under seal. As the Government previously noted, the identity of a client is typically not privileged or subject to confidentiality, *see generally Vingelli v. U.S., Drug Enforcement Agency*, 992 F.2d 449, 452 (2d Cir. 1993), and Mr. Firtash's criminal case in another district is public, as is the fact that Ms. Toensing represented Mr. Firtash. *See United States v. Firtash*, 13 Cr. 515 (N.D. Ill.). Indeed, Ms. Toensing's counsel publicly filed a letter naming Mr. Firtash and Mr. Firtash's current counsel, without objection from Mr. Firtash. (Dkt. 18). While the Government files the instant letter under seal consistent with the Court's prior practice related to Mr. Firtash, the Government does not believe that this letter needs to be maintained under seal, and at minimum that it can be filed with limited redactions.

August 27, 2021
Page 2

Procedure provides for intervention as a matter of right where a movant claims an interest in the litigation and "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Rule 24(b) provides for permissive intervention, at the discretion of the court, to "anyone . . . who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). To intervene under either provision, "an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006).

While attorneys, such as Ms. Toensing, are typically presumed to be competent to protect the privilege of their former clients, here, Ms. Toensing has stated that she does not intend to "actively participate" in the Special Master process. (Dkt. 18); *see also Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 180 (2d Cir. 2001) (citing collusion, adversity of interest, nonfeasance, or incompetence as situations in which the presumption of adequacy may be overcome); *Stadin v. Union Elec. Co.*, 309 F.2d 912, 919 (8th Cir. 1962) (inadequacy of representation can be shown "by the failure of the representative in the fulfillment of his duty"). Given that Ms. Toensing does not appear to intend to protect Mr. Firtash's interest in the Special Master review process, the Government does not object to Mr. Firtash's participation in that process for the limited purpose of protecting his attorney-client privilege, attorney work product privilege, and any other applicable privileges held by him.[2]

---

[2] Ms. Toensing's letter is silent as to whether Mr. Firtash is the only client whose materials or privilege may have been implicated by the seizure of her device, and the Government understands that the Special Master has asked Ms. Toensing's current counsel to provide additional information in this regard. Moreover, the Government believes that Ms. Toensing's decision not to "actively participate" in the Special Master process constitutes a waiver in at least four senses: (i) a waiver of Ms. Toensing's attorney work product privilege; (ii) a waiver of Ms. Toensing's attorney-client privilege, to the extent she was herself represented by an attorney; (iii) a waiver of any privilege related to spousal communications with Joseph diGenova; and (iv) a waiver of her ability to later contest privilege determinations made by the Special Master.

August 27, 2021
Page 3

     Finally, the Government believes it would be most appropriate for Mr. Firtash to only review materials related to him, rather than receiving a copy of Ms. Toensing's entire phone, although the Government defers to the Court and the Special Master with regard to the most efficient and appropriate way to allow Mr. Firtash to protect his privilege while also recognizing the limited purpose for which he would intervene.

                                           Respectfully submitted,

                                           AUDREY STRAUSS
                                           United States Attorney for the
                                           Southern District of New York

                                By: _____/s/_____
                                         Rebekah Donaleski
                                         Aline R. Flodr
                                         Nicolas Roos
                                         Hagan Scotten
                                         Assistant United States Attorneys
                                         (212) 637-2423

Cc: Robert Costello, Esq. / Barry Kamins, Esq. / John M. Leventhal, Esq. / Arthur Aidala, Esq.
    (counsel for Rudolph Giuliani)
    Michael Bowe, Esq./ E. Patrick Gilman, Esq. (counsel for Victoria Toensing)
    Dan K. Webb, Esq. / Matthew Carter, Esq. / John Drosick, Esq. (counsel for Dmitry Firtash)