

North America  Europe  Asia

35 W. Wacker Drive
Chicago, IL 60601
T +1 312 558 5600
F +1 312 558 5700

**DAN K. WEBB**
Co-Executive Chairman
(312) 558-5600
DWebb@winston.com

August 20, 2021

**TO BE FILED UNDER SEAL**

**BY EMAIL**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

**Re:**   *In re Search Warrant dated April 28, 2021*, 21 Mag. 4591r (21 MC 00425)

Dear Judge Oetken:

    I write to request that the Court grant my client, Dmitry Firtash, a limited intervention in the above-captioned matter to participate in the Special Master's review of his privileged materials.  As this Court is aware, the Government seized Mr. Firtash's privileged information when executing covert and overt search warrants on Victoria Toensing.  The seizure of materials from Ms. Toensing was the subject of briefing and motion practice by Ms. Toensing and the Government in late April 2021 through the end of May 2021.

    Ms. Toensing objected to all the search warrants, raising violations of her—and her clients'—Sixth Amendment rights.  Ms. Toensing requested that the Government return her property seized from the overt and covert warrants, disclose the protocols and procedures the Government's "filter team" used to review the materials seized from the covert warrants, and, alternatively, appoint a Special Master to review the documents seized from the overt warrant.  *In re Search Warrant dated April 28, 2021*, 21 Mag. 4591r (21 MC 00425), Dkt. 20 at 7.  Ms. Toensing stated that she "must be permitted to effectively assert her clients' privilege protections and . . . [listed the requests for relief outlined above] to adequately protect the fundamental Constitutional protections implicated by the seizure of electronic files from this bona fide criminal defense lawyer, including files concerning unrelated matters currently being investigated and prosecuted by the Department of Justice." *Id*., Dkt. 15 at 1–2.

    On May 28, 2021, after the matter was fully briefed, this Court granted the appointment of a Special Master and denied the remainder of Ms. Toensing's requests for relief.  *Id*., Dkt. 20 at 7.  The Court found "that the appointment of a special master is warranted here to ensure the perception of fairness." *Id*.  The Court then ordered the Special Master to "expeditiously conduct a filter review of the April 2021 warrant materials for potentially privileged documents" and provided that the Special Master's review "can be



August 20, 2021
Page 2

informed by . . . Toensing's parallel review of the same materials." *Id*. Subsequently, on June 9, 2021, the Court appointed Judge Barbara Jones as the Special Master. *In re Search Warrant dated April 28, 2021*, 21 Mag. 4591r (21 MC 00425), Dkt. 25 at 1.

When Mr. Firtash learned that the Government's seizure of materials included his privileged information, he filed sealed requests for relief before this Court on May 25, 2021; June 4, 2021; June 10, 2021; and June 15, 2021. The Court ordered the Government to respond, and the matter was fully briefed.

After the Special Master's appointment, and while Mr. Firtash's requests for relief remained pending before this Court, Mr. Firtash learned that Ms. Toensing did not intend to engage in the privilege review process and that her counsel informed the Government and the Special Master of the same. On July 28, 2021, Mr. Firtash thus wrote the Special Master to make clear that, while Ms. Toensing may have decided not to participate in the Special Master privilege review process, Mr. Firtash was not, in any way, waiving or relinquishing his rights related to the documents the Special Master was ordered to review. Mr. Firtash wrote that he was asserting, and would continue to assert, his privilege in connection with the materials the Government seized from Ms. Toensing.

On August 9, 2021, this Court denied Mr. Firtash's requests to order the Government to respond to several questions regarding the review of the materials seized from Ms. Toensing, to stop reviewing any privileged materials, and to return or destroy any property belonging to Mr. Firtash. The Court did not rule on Mr. Firtash's alternate request to participate in the Special Master's review of his privileged materials. *See* June 15, 2021 Letter from D. Webb re *In re Search Warrant dated April 28, 2021*, 21 Mag. 4591r at 4.

On August 13, 2021, I sent a letter to the Special Master to update her on this Court's ruling and to request that Mr. Firtash be allowed to participate in the parallel review of the materials that she was reviewing. Alternatively, I requested that upon the completion of the Special Master's review, she provide Mr. Firtash any materials related to him that she did not designate as privileged and that she intended to turn over to the Government, so that Mr. Firtash would have an opportunity to object. I also requested that, at the end of the Special Master's privilege review process, she return or destroy any materials related to Mr. Firtash that she was not going to turn over to the Government.

On August 16, 2021, the Special Master acknowledged receipt of my August 13 letter and wrote as follows:

> Your request to become involved in the review process is not possible until you file a motion to intervene that is granted by the Court. If you intend to move to intervene, please do so by August 20. If you do not move to intervene by the date, I will move forward with the process of providing Ms. Toensing's materials to the government. If you move to intervene, I will not release the materials until the motion is ruled upon. If Mr. Firtash becomes a party to this action I will confer with the parties regarding the review process for Mr. Firtash's attorney-client communications in Ms. Toensing's materials.

In accordance with the Special Master's direction, Mr. Firtash is thus moving to intervene. In past filings, the Government has referenced intervention under the Federal Rules of Civil Procedure and



Mr. Firtash has argued that the Federal Rules of Civil Procedure do not apply to this criminal matter. *In re New York Times Co.*, 708 F. Supp. 603, 604 (S.D.N.Y. 1989) (stating that Federal Rule of Civil Procedure 24, which allows for intervention in civil cases, "has no applicability to criminal cases"). Mr. Firtash has also argued that he need not formally intervene for this Court to fashion and provide a remedy to protect his constitutional rights. *United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008) (quoting *United States v. Hasting*, 461 U.S. 499, 505 (1983) ("Federal courts have authority to 'formulate procedural rules not specifically required by the Constitution or the Congress' to 'implement a remedy for violation of recognized rights.'")).

Moreover, Mr. Firtash has previously cited the Southern District of New York's declaration that "it is settled law that persons affected by the disclosure of allegedly privileged materials may intervene in pending criminal proceedings[,]" *United States v. Martoma*, 962 F. Supp. 2d 602 (2013) (referencing decisions by the Supreme Court and Third and Fifth Circuits to justify intervention by a third party into criminal proceedings to assert privilege), and argued that criminal case law shows that Mr. Firtash, as a third party to the above-captioned matter, and a former client of Ms. Toensing, has the right to intervene to protect his confidential and privileged information. *Id.* at 606 (granting intervention for third party to protect privileged materials in a pending criminal proceeding); *United States v. Cox*, 2015 WL 13741738, at *3 (M.D. Fla. Oct. 7, 2015) ("When intervention is allowed in a criminal action, it is limited to instances where the third party's constitutional rights or other federal rights are implicated during the course of the prosecution.").

Mr. Firtash has also previously noted that his requests for relief are particularly appropriate because Ms. Toensing is not continuing to litigate to, in part, protect his property. Given these circumstances, and the authority discussed above, this Court should grant Mr. Firtash a limited intervention in this matter to participate in the Special Master's review of any of Mr. Firtash's privileged information and to ensure that his attorney-client-privileged materials are protected. This result is appropriate no matter the standard, including under Rule 24 of the Federal Rules of Civil Procedure.

Mr. Firtash has a right to intervene under Rule 24(a)(2), if this Court finds it applies, because he is: (1) filing a timely application; (2) showing an interest in the action; (3) demonstrating that his interest may be impaired by the disposition of the action; and (4) showing that his interest is not adequately protected by the parties to the action. *Brennan v. New York City Bd. of Educ.*, 260 F.3d 123, 128–29 (2d Cir. 2001) (citing *N.Y. News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992)).[1]

*First*, Mr. Firtash's request to intervene is timely. The Second Circuit has stated that "the most significant criterion in determining timeliness is whether the delay in moving for intervention has prejudiced any of the existing parties." *United States v. Int'l Bus. Machs. Corp.*, 62 F.R.D. 530, 541–42 (S.D.N.Y. 1974). Here, Mr. Firtash requests a limited intervention to participate in a parallel review of the seized privileged materials alongside the Special Master (a review which the Special Master has not yet

---

[1] Notably, the additional formal requirements under FRCP 24(c) that require a pleading to be attached to a motion to intervene are relaxed "when the proposed intervenors position is clearly articulated." *Barry's Cut Rate Stores Inc. v. Visa, Inc.*, 2021 WL 2646349, at *13 (E.D.N.Y. June 28, 2021) (citations and internal marks omitted); *Nelson v. Greenspoon*, 103 F.R.D. 118, 121 (S.D.N.Y. 1984) (relaxing the formal requirement of a pleading for an intervenor asserting attorney-client privilege). That said, if the Court desires a pleading, Mr. Firtash will file one.



begun). Mr. Firtash is also meeting the filing deadline set by the Special Master. Thus, allowing Mr. Firtash this parallel review to protect his privileged materials will create no prejudice.

*Second,* Mr. Firtash has a sufficient interest in the action because the Special Master will be reviewing materials that include his attorney-client-privileged documents. *Nelson v. Greenspoon*, 103 F.R.D. 118, 121 (S.D.N.Y. 1984) (allowing intervention and stating that the implication of attorney-client-privileged documents suffices as sufficient interest in the action). Courts have repeatedly recognized a party's right to protect the attorney-client privilege as a substantial interest worthy of intervention. *Id.*; *In re Grand Jury Subpoenas 04-124-3 & 04-124-5*, 2005 WL 2978959, at *1 (E.D. Mich. Sept. 27, 2005) ("Under Federal Rule of Civil Procedure 24(a)(2) 'Colorable claims of Attorney-Client and Work Product Privilege qualify as sufficient interests to ground intervention of right.'"), *rev'd on other grounds*, *In re Grand Jury Subpoenas*, 454 F.3d 511 (6th Cir. 2006).

*Third*, Mr. Firtash may suffer irreparable harm if he is not allowed to intervene because it will foreclose his ability to dispute documents designated as "non-privileged." This district and other courts have noted the importance of the ability to make objections regarding a privilege review conducted by a third party. *In re Grand Jury Subpoenas 04-124-3 & 04-124-5*, 2005 WL 2978959 at *12 (noting the wisdom of a court in the Southern District of New York that allowed the defendants the ability to object to the privilege calls of a privilege review team before the documents were turned over to the government); *In re Grand Jury Subpoenas*, 454 F.3d at 524 (allowing intervenors to review seized materials because the court saw no check when "the government's team might make some false negative conclusions, finding validly privileged documents to be otherwise"). If Mr. Firtash is not allowed to protect privilege in this matter, it could lead to the improper disclosure of his privileged information to the Government and, potentially, the use of that information against him in his ongoing criminal matter in the Northern District of Illinois.

*Fourth*, Mr. Firtash's interests are not adequately protected by Ms. Toensing. In general, "[t]he burden to show inadequacy of representation is generally speaking 'minimal'" *United States v. Salix Pharms., Ltd.*, 2016 WL 4402044, at *4 (S.D.N.Y. Aug. 18, 2016). And "[t]he test here is . . . whether the [party's] interests were so similar to those of [the intervenor] that adequacy of representation was assured." *Brennan*, 260 F.3d at 132–33. As a threshold matter, Mr. Firtash seeks to protect his attorney-client-privileged information, which is his not Ms. Toensing's. This distinction illustrates at least a minimal difference in interest to warrant intervention. Additionally, Ms. Toensing is not participating in the parallel review process, meaning no party is currently representing Mr. Firtash's interests in the Special Master review process. *Nelson*, 103 F.R.D. at 121 (granting motion to intervene where "the existing party, the attorney, is not *actively* protecting [the nonparty client's] privilege") (emphasis added). This Court should allow Mr. Firtash's requested intervention so that he may protect his interests.



For these reasons, Mr. Firtash respectfully requests to intervene in the above-captioned matter for the limited purpose of participating in the parallel review of his privileged materials alongside the Special Master.

Respectfully,

Dan K. Webb
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601

*Counsel for Dmitry Firtash*

Cc:	Michael Bowe (Counsel for Victoria Toensing), MBowe@brownrudnick.com
Patrick Gilman (Counsel for Victoria Toensing), PGilman@brownrudnick.com
Robert Costello (Counsel for Rudolph Giuliani), rjc@dhclegal.com
Rebekah Donaleski (Assistant United States Attorney), Rebekah.Donaleski@usdoj.gov
Nicolas Roos (Assistant United States Attorney), Nicolas.Roos@usdoj.gov
Aline Flodr (Assistant United States Attorney), Aline.Flodr@usdoj.gov