

35 W. Wacker Drive
Chicago, IL 60601
T +1 312 558 5600
F +1 312 558 5700

**DAN K. WEBB**
Co-Executive Chairman
(312) 558-5600
DWebb@winston.com

September 1, 2021

**TO BE FILED UNDER SEAL**

**BY EMAIL**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

**Re:**   *In re Search Warrant* dated April 28, 2021, 21 Mag. 459lr (21 MC 00425)

Dear Judge Oetken:

  I write on behalf of my client, Dmitry Firtash, in reply to the Government's August 27, 2021, letter to (1) acknowledge the Government does not object to Mr. Firtash's participation in the Special Master process, and (2) reassert Mr. Firtash's request that the entirety of the letter briefing in the above captioned matter in relation to him remain under seal.

  *First*, as discussed in my August 13, 2021, letter, Mr. Firtash continues to respectfully request the Court grant his participation in the Special Master process as fully briefed in his June 10, 2021, letter. Mr. Firtash also agrees with the Government that the Court and the Special Master should determine the most efficient and appropriate way for Mr. Firtash to protect his privilege considering the limited purpose for which he seeks intervention.

  *Second*, Mr. Firtash originally requested that all briefing related to him be sealed in a June 10, 2021, letter. Since that time, all letter briefing related to him has been kept under seal. Rightfully so. Courts in the Southern District of New York have routinely kept identities and documents under seal that relate to innocent third parties mentioned in criminal investigations of other parties. *See United States v. Pasqua*, 2020 WL 7338082, at *2 (S.D.N.Y. Dec. 12, 2020) (holding that the privacy interests of a non-party outweighed interest of public disclosure); *United States v. Cohen*, 366 F. Supp. 3d 612, 625 (S.D.N.Y. 2019) (same). That is exactly the scenario here. Mr. Firtash's overall participation in a widely reported on high-profile investigation could uniquely prejudice his defense in an unrelated criminal matter in the Northern District of Illinois.

  The Government treats Mr. Firtash's request to seal letter briefing as a scenario where an attorney is being asked to reveal the "identity of a client" that is the target of a grand jury's investigation. *See* Letter



September 1, 2021<br>Page 2

from Audrey Strauss to Judge Oetken (Aug. 27, 2021) (citing *Vingelli v. U.S. Drug Enforcement Agency*, 992 F.2d 449, 450 (2d Cir. 1993) (holding that an attorney being compelled to appear in front of a grand jury regarding his client as a target of the investigation must appear and bring unprivileged documents such as billing and invoices)). That is not the scenario at issue. Mr. Firtash is not the target of the grand jury investigation, nor is Ms. Toensing being asked by a grand jury to reveal his name and unprivileged information. Instead, Mr. Firtash is an innocent third party that moved to intervene to protect his attorney-client privileged materials that were seized in a high-profile criminal investigation implicating others. As a result, the Court should treat him as such and keep all letter briefing under seal.

The Government originally treated Mr. Firtash as an innocent third party by redacting his name out of publicly filed briefs. *See In re Search Warrant* dated April 28, 2021, 21 Mag. 4591, Dkt. 1, 18. Since then, the Government has provided no rationale why Mr. Firtash's status and the Government's prior practice should change.

The Government also noted that Ms. Toensing's counsel revealed Mr. Firtash's name in a publicly filed letter on the docket. *See* Letter from Audrey Strauss to Judge Oetken (Aug. 27, 2021) at 1 n.1. As a preliminary matter, nobody asked Mr. Firtash if he objected to being named in a publicly filed letter. As a result, he had no opportunity to object to that public filing—which he would have done.

Additionally, the public filing contains only a limited mention of his name without revealing the full extent of the steps Mr. Firtash has had to take to protect his attorney-client privilege, including concerns about the violation of his constitutional rights and the impact that the Government's review of the seized documents in 2019 and 2021 might have on his criminal case in the Northern District of Illinois. That is why the limited mention of his name does not warrant unsealing the entirety of the letter briefing.

For these reasons, Mr. Firtash respectfully reasserts his requests that the Court grant his request for intervention to participate in the Special Master process for the limited purpose of protecting his attorney-client privileged information and to keep the entirety of letter briefing related to him under seal.

Respectfully,

*[signature: Dan K. Webb]*

Dan K. Webb
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601

*Counsel for Dmitry Firtash*

Cc:    Michael Bowe (Counsel for Victoria Toensing), MBowe@brownrudnick.com
       Patrick Gilman (Counsel for Victoria Toensing), PGilman@brownrudnick.com



September 1, 2021
Page 3

Robert Costello (Counsel for Rudolph Giuliani), rjc@dhclegal.com
Rebekah Donaleski (Assistant United States Attorney), Rebekah.Donaleski@usdoj.gov
Nicolas Roos (Assistant United States Attorney), Nicolas.Roos@usdoj.gov
Aline Flodr (Assistant United States Attorney), Aline.Flodr@usdoj.gov