

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 23, 2023

**BY ECF**
The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: *In re Search Warrants Executed on April 28, 2021*, 21-Misc-425 (JPO)

Dear Judge Oetken:

  The Government writes in response to the request of The New York Times (the "Times") seeking the unsealing of copies of the search warrants, search warrant applications, supporting affidavits, court orders, and returns on executed warrants related to searches of property of Rudolph Giuliani and Giuliani Partners LLC (the "Sealed Materials").[1] According to the Times, Giuliani consents to the unsealing of such materials. (Times Ltr. at 2). As set forth below, the Government consents to the unsealing of the Sealed Materials with limited redactions to protect third party privacy interests. The Government is submitting proposed redacted versions of the Sealed Materials to the Court and counsel for the convicted defendants in this case, and respectfully requests that they be received *ex parte* as to the Times and under seal.

  The Times first seeks access to the Sealed Materials under the common law right of access. (Times Ltr. at 1-2).[2] The Second Circuit has held that the public has a qualified common law right

---

[1] The Times seeks the returns on executed warrants, which the Government understands to refer to the return sheet that is filed with the Magistrate Clerk upon execution of the warrant, rather than the entirety of the search warrant returns, which are not filed with the Court, and also would be impractical and unduly burdensome to redact given the extensive third party privacy interests implicated.

[2] The Times also cites to the First Amendment right of access in support of its request that the Sealed Materials be made public. (Times Ltr. at 4). The Second Circuit, however, has not yet recognized such a right, and two Courts of Appeals have held that no First Amendment right of access attaches to search warrant materials. *See Times Mirror Co. v. United States*, 873 F.2d 1210, 1216 (9th Cir. 1989) (so holding in context of an ongoing investigation); *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64-65 (4th Cir. 1989) (same). In any event, even assuming such a right did attach, it is a qualified right, which may be outweighed by countervailing factors. To be sure, the First Amendment right of access "gives rise to a higher burden on the party seeking to prevent disclosure than does the common law presumption," such that the Court must make "specific, on-the-record findings that higher values necessitate narrowly tailored sealing." *Lugosch*, 435 F.3d

of access to search warrant materials after an investigation is over. *See In re Newsday, Inc.*, 895 F.2d 74, 76 (2d Cir. 1990). The weight to be given the common law presumption of access "must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). After determining the weight of the presumption of access, the Court must "balance competing considerations against it" including, but not limited to "the danger of impairing law enforcement or judicial efficiency" and the "privacy interests of those resisting disclosure." *Id.*

The Second Circuit has identified the law enforcement privilege as an interest worthy of protection, noting that the privilege is designed:

> to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.

*Id.* (citing *In re Dep't of Investigation*, 856 F.2d 481 (2d Cir. 1988)). In addition, the court in *Amodeo* found that the voluntary cooperation of persons who may want or need confidentiality "is also often essential to judicial efficiency." 71 F.3d at 1050. Thus, "[i]f release [of a judicial document] is likely to cause persons in the particular or future cases to resist involvement where cooperation is desirable, that effect should be weighed against the presumption of access." *Id.*

The Second Circuit has also held that "[t]he privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure. . . should weigh heavily in a court's balancing equation." *In re New York Reporters Committee Co.*, 828 F.2d 110, 116 (2d Cir. 1987); *see also In re Newsday, Inc.*, 895 F.2d at 79-80. The Second Circuit has identified such interests as "a venerable common law exception to the presumption of access." *Amodeo*, 71 F.3d at 1051. "In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *Id.* (listing "[f]inancial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters" as weighing more heavily against access than conduct affecting a substantial portion of the public). "The nature and degree of injury must also be weighed." *Amodeo*, 71 F.3d at 1051. Finally, in balancing the qualified right of public access against privacy interests, courts must consider "the sensitivity of the information and the subject," and whether "there is a fair opportunity for the subject to respond to any accusations contained therein." *Id.*

Here, the Government has no objection to unsealing the Sealed Materials with limited

---

at 126. But the privacy concerns in protecting uncharged third parties are higher values that may outweigh any First Amendment right of access, and the balancing analysis is the same under either framework. *See All Funds*, 643 F. Supp. 2d at 586 n.8 (collecting cases). Thus, there is an ample basis for the Court to make on-the-record findings that any First Amendment right of access that may attach is outweighed by countervailing privacy interests of uncharged third parties.

redactions to protect third party privacy and law enforcement interests. The Times consents to the redaction of third-party names who "remain private figures," but seeks the unsealing of any names of public figures. (Ltr. 4-5). The Government notes that Mr. Parnas and Mr. Giuliani have waived their third-party privacy rights, and thus the Government agrees that Mr. Parnas's and Mr. Giuliani's names should be unsealed, including with respect to uncharged conduct, with the exception of personal identification information, such as phone numbers and addresses (Times Ltr. at 4-5). However, no other third parties have waived their privacy interests. As such, the names and conduct of all other uncharged third parties should remain sealed to protect those legitimate third-party privacy interests. *See In re Search Warrant*, No. 16 Misc. 464 (PKC), 2016 WL 7339113, at *4 (S.D.N.Y. Dec. 19, 2016) ("a person whose conduct is the subject of a criminal investigation but is not charged with a crime should not have his or her reputation sullied by the mere circumstance of an investigation"); *SEC v. Ahmed*, No. 15 Civ. 675 (JBA), 2018 WL 4266079, at *3 (D. Conn. Sept. 6, 2018) (sealing certain documents based, in part, on privacy interests of a third party).

For the reasons set forth above, the Government respectfully requests that the Court grant in part and deny in part the Times's request that the Sealed Materials be made public. Specifically, the Government requests that the Court grant the Times' request to unseal the Sealed Materials with the exception of the limited redactions proposed by the Government to protect third party privacy interests.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: ___/s/_____
Aline Flodr/ Nicholas Roos/ Hagan Scotten
Assistant United States Attorneys
Southern District of New York
Tel: (212) 637-2410