AO 93C (08/18) SDNY Rev. Warrant by Telephone or Other Reliable Electronic Means    ☒ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. **21 MAG 4335**
the office space occupied by ▮▮▮▮ LLC, )
Unit ▮▮ on the ▮▮ floor of the building located )
at ▮▮▮▮, New York, New York )

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Southern_____ District of _____New York_____
*(identify the person or describe the property to be searched and give its location)*:

the office space occupied by ▮▮▮▮ LLC, Unit ▮▮ on the ▮▮ floor of the building located at ▮▮▮▮ New York, New York, and any Closed Containers/Items Contained Therein

The search and seizure are related to violation(s) of *(insert statutory citations)*:

22 U.S.C. §§ 612 and 618 (acting as an unregistered foreign agent), 18 U.S.C. § 2 (attempting to and willfully causing a violation of the foregoing statutes), and 18 U.S.C. § 371 (conspiracy to violate the foregoing statutes)

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment C

**YOU ARE COMMANDED** to execute this warrant on or before _____May 5, 2021_____ *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   April 21, 2021    2:20 p.m.

                                                                           *[signature]*
                                                                           J. PAUL OETKEN
City and state:   New York, New York                                       United States District Judge

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

                                                                                     *Executing officer's signature*

                                                                                    *Printed name and title*

# ATTACHMENT C

## I. Premises to be Searched—Subject Premises

The premises to be searched (the "Subject Premises") are described as follows, and include all locked and closed containers found therein: the office space occupied by ███████ LLC, Unit ███ on the ███████ floor of the building located at ███████ New York, New York.

## II. Items to Be Seized

This warrant authorizes the search, seizure, and forensic examination of:

a. Any and all cellphones, tablets, and electronic devices that belong to or that are or were used by Rudolph Giuliani including but not limited to the following devices: an Apple iPhone X with IMEI number ███████ and an Apple iPhone X with IMEI number ███████ an Apple iPhone XS Max with IMEI number ███████ an Apple iPhone 11 Pro Max with IMEI number ███████ an ASCS cellphone with IMEI number ███████ ; an Apple iPad Pro 10.5 with serial number ███████ an iPad Pro 11 with serial number ███████ an Apple MacBook Pro 13.3 in "space gray" with serial number ███████.

b. Any work-related electronic devices that are or were used by ███████ and/or ███████ , but not their personal electronic devices.

The foregoing devices are collectively defined as the "Subject Devices."

## III. Review of ESI on the Subject Devices

### A. Unlocking Devices with Biometric Features

During the execution of the warrant, law enforcement personnel are authorized to obtain from Rudolph Giuliani the display of any physical biometric characteristics (such as fingerprint/thumbprint or facial characteristics) necessary to unlock any electronic device(s), including to (1) press or swipe the fingers (including thumbs) of the aforementioned person(s) to the fingerprint scanner of the device(s); (2) hold the device(s) in front of the face of the aforementioned person(s) to activate the facial recognition feature; and/or (3) hold the device(s) in front of the face of the aforementioned person(s) to activate the iris recognition feature, for the purpose of attempting to unlock the device(s) in order to search the contents as authorized by this warrant.

### B. Evidence of the Subject Offenses

Following seizure of the Subject Devices, law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the ESI contained therein for evidence and instrumentalities of violations of 22 U.S.C. §§ 612 and 618 (acting as an unregistered foreign

2019.11.19

agent), 18 U.S.C. § 2 (attempting to and willfully causing a violation of the foregoing statutes), and 18 U.S.C. § 371 (conspiracy to violate the foregoing statutes) (the "Subject Offenses"), for the time period August 1, 2018, up to and including December 31, 2019, described as follows:

1. Evidence relating to, including but not limited to communications with or regarding, Lev Parnas, ██████████████████████████████████████████████████████████████████████████████████████████

2. Evidence relating to ██████████████ and the position of U.S. Ambassador to Ukraine, including but not limited to any communications with any U.S. Government official or employee regarding ██████████ or the position of U.S. Ambassador to Ukraine.

3. All retainer agreements, including any drafts or partially executed agreements, with any Ukrainian government entity, official, or national, including but not limited to ██████.

4. Evidence relating to any work or potential work concerning ██████████████ or the recovery of assets stolen from Ukraine.

5. Evidence relating to a trip by Rudolph Giuliani to Poland in February 2019.

6. Evidence of knowledge of the foreign agent registration laws and requirements, or lobbying laws, including but not limited to knowledge of the requirement to register as an agent of a foreign principal, or of the prohibition of acting on behalf of, lobbying for, or making contributions on behalf of a foreign principal.

C. **Review of ESI**

Following seizure of any cellphones, tablets, computers, and storage media and/or the creation of forensic image copies, law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the ESI contained therein that was sent, received, posted, created, or otherwise accessed, established, modified, or deleted between the time period August 1, 2018 and December 31, 2019 for information responsive to the warrant.

In conducting this review, law enforcement personnel may use various techniques to locate information responsive to the warrant, including, for example:

- surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

- opening or cursorily reading the first few "pages" of such files in order to determine their precise contents;

2019.11.19

- scanning storage areas to discover and possibly recover recently deleted files or deliberately hidden files;

- performing keyword searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation; and

- reviewing metadata, system information, configuration files, registry data, and any other information reflecting how, when, and by whom the computer was used.

Law enforcement personnel will make reasonable efforts to search only for files, documents, or other electronically stored information within the categories identified in Section III.B of this Attachment. However, law enforcement personnel are authorized to conduct a complete review of all the ESI from seized devices or storage media if necessary to evaluate its contents and to locate all data responsive to the warrant.

Additionally, review of the items described in this Attachment shall be conducted pursuant to established procedures designed to collect evidence in a manner reasonably designed to protect any attorney-client or other applicable privilege. When appropriate, the procedures shall include use of a designated "filter team," separate and apart from the investigative team, in order to address potential privileges.