# THE BRICKMAN LAW GROUP

420 LEXINGTON AVENUE, SUITE 2811
NEW YORK, NEW YORK 10170
TELEPHONE: (212) 986-6840

NEAL BRICKMAN*                                                                                       * NY BAR ONLY
ETHAN Y. LEONARD **                                                                               ** NY AND CT
CLINTON WOKOCHA*
VIRGINIA A. REILLY* (OF COUNSEL)
JAMES H. NEALE* (OF COUNSEL)


August 5, 2026

Via ECF Only

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re:    *In re Search Warrants Executed on April 28, 2021*, 21-MC-00425 (JPO)

Dear Judge Oetken:

We represent Judicial Watch, Inc., and Victoria Toensing with regard to this letter motion seeking an order to unseal materials related to the following three search warrants:

1. November 4, 2019 – Warrant to search iCloud account belonging to Toensing;
2. December 13, 2019 – Warrant to search Gmail account belonging to Toensing; and
3. April 28, 2021 – Warrant to search the electronic device seized from Toensing at her residence in Maryland.

Toensing and Judicial Watch believe all three warrants are docketed at 21 Mag. 4591. All three warrants were later discussed in and part of the above-referenced matter (21-MC-00425). *See* ECF No. 16.

We make this request pursuant to the common law right of access to judicial records, the First Amendment, and the right to the judicial records under the Warrant Clause of the Fourth Amendment. The warrant materials sought here are judicial records subject to the presumption of public access. Because no compelling governmental interest justifies continued sealing, and because both Toensing, whose electronic information was searched, and Judicial Watch, whose mission is to inform the public about uses and abuses of government authority, have powerful interests in disclosure, the Court should unseal these materials. A similar request was previously

granted pursuant to an application from the New York Times. *See* ECF No. 56. As Toensing is a direct party in interest, the bases for disclosure are even greater in this instance.

1.    Factual Background

On November 4, 2019, this Court issued a warrant for the United States to seize and search all records contained in Toensing's iCloud account.  On December 13, 2019, this Court issued a second warrant for the United States to seize and search Toensing's Gmail account.

Nearly two years later, on April 22, 2021, the U.S. District Court for the District of Maryland issued a search warrant that authorized the United States to search the Maryland residence of Victoria Toensing, including all locked and closed containers within her home, to find and seize her cell phone and iPad.  The warrant also authorized the United States to compel Toensing to unlock the devices using her fingerprints and/or face recognition.  As a result of that search warrant, the United States seized Toensing's cell phone.[1]

On April 28, 2021, this Court issued a third warrant.  Toensing's cell phone was transported to the Southern District of New York and the United States sought and obtained from this Court a warrant authorizing it to search the contents of Toensing's cell phone.  *See* ECF No. 16.

Toensing and Judicial Watch have no additional information about the search warrants or the circumstances that led to or followed their executions.  The docket remains sealed.

2.    Requesters

Victoria Toensing, a former attorney of President Donald J. Trump, is a lawyer and legal commentator.  She is a former federal prosecutor and Deputy Assistant Attorney General.  She was also Chief Counsel, for the Senate Select Committee on Intelligence.  To her knowledge, she has never been the target of an investigation and has never been charged with any crime.  Yet, shortly after President Joseph R. Biden took office, the United States searched her Maryland residence and seized her cell phone.  Toensing seeks to unseal the search warrant materials to learn the reasons for the United States' search and the evidence relied on to substantiate the search warrant. As the subject of the search warrant, Toensing's interest in these records is obvious.

Judicial Watch is a not-for-profit, educational organization that seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  An integral part of Judicial Watch's mission is educating the public about the operations and activities of government.  To this end, Judicial Watch investigates the federal government and federal officials by making extensive use of the Freedom of Information Act, among other investigative tools. Judicial Watch analyzes the records it obtains and disseminates its findings to the public.

---

[1]    Toensing and Judicial Watch have moved to unseal the materials related to the April 22, 2021 warrant in the U.S. District Court for the District of Maryland.  That motion remains pending in Case No. 21-mj-01202-GLS.

Here, Judicial Watch is investigating the potential politicization of numerous federal law enforcement agencies and whether they abused their powers to attack associates of a political opponent. Judicial Watch's investigation has previously included obtaining judicial records related to the FBI's and the U.S. Department of Justice's investigations of President Donald J. Trump and his associates. *U.S. v. Sealed Search Warrant*, Case No. 22-mj-08332-BER-1 (S.D. Fla., Mot. filed Aug. 9, 2022) (motion to unseal the search warrant materials relating to the August 8, 2022 search of President Donald J. Trump's Florida residence); *In re Transcripts of this Court related to the Surveillance of Carter Page*, Case No. 18-misc-03 (F.I.S.C., filed Jul. 24, 2018) (motion for publication of transcripts of hearings relating to Foreign Intelligence Surveillance Act warrants of Carter Page); *Judicial Watch, Inc. v. U.S. Department of Justice*, Case No. 18-00245-CRC (D.D.C., filed Feb. 2, 2018) (FOIA lawsuit for judicial records relating to Foreign Intelligence Surveillance Act warrants of Carter Page). Judicial Watch also recently filed a similar motion for search warrant materials related to former Trump campaign aide and administration official Michael Caputo. *In the Matter of the Search of Information Associated with Six Accounts Stored at Premises Controlled by One Provider Pursuant to 18 U.S.C. § 2703 for Investigation of Violations of 18 U.S.C. § 951*, Case No. 26-mc-00098-JEB (D.D.C., filed June 22, 2026).

Judicial Watch's investigation also includes current litigation under the Freedom of Information Act concerning the investigations of other individuals, including Caputo, Rudy Giuliani, and Mike Lindell. *See, e.g., Judicial Watch, Inc. v. U.S. Department of Justice*, Case No. 25-cv-01903-RBW (D.D.C., filed June 17, 2025) (FOIA lawsuit for records of the FBI about investigations of Michael Caputo); *Judicial Watch, Inc. v. U.S. Department of Justice*, Case No. 26-cv-01158-CRC (D.D.C., filed Apr. 6, 2026) (FOIA lawsuit for records of the FBI and the Justice Department's Criminal Division, Executive Office of the U.S. Attorneys and Office of Information Policy about investigations of Rudy Giuliani); *Judicial Watch, Inc. v. U.S. Department of Justice*, 25-cv-03850-SLS (D.D.C., filed Nov. 3, 2025) (FOIA lawsuit for records of the FBI and the Justice Department's Criminal Division and Office of Information Policy about investigations of Mike Lindell); *Judicial Watch, Inc. v. U.S. Department of Justice*, 25-cv-00588-JMC (D.D.C., filed Feb. 28, 2025) (FOIA lawsuit for records of the FBI about Christina Bobb).

The unsealing of these materials is just one piece of Judicial Watch's broader investigation. If the Court were to unseal the materials, Judicial Watch would obtain, analyze, and make them available to the public, furthering its mission of educating the public about the workings of the federal government.

3.      Reasons

As this Court has already explained, "Under Second Circuit precedent, there is a presumptive right of access to judicial documents under both the common law and the First Amendment." ECF No. 56 at 1 (citing *United States v. Erie County*, 763 F.3d 235, 238-39 (2d Cir. 2014)). "Judicial documents may be sealed in whole or in part only where it 'is essential to preserve higher values and is narrowly tailored to serve that interest.'" ECF No. 56 at 1 (*quoting Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)).

There is no dispute that the search warrant materials Toensing and Judicial Watch seek are judicial documents. Nor is there any dispute that "search warrants and search warrant materials

are entitled to a strong presumption of public access." *In re Search Warrant Dated Nov. 5, 2021*, 21 Misc. 813, 2026 U.S. Dist. LEXIS 118739, at *6 (S.D.N.Y. May 29, 2026). Moreover, this Court has noted, "The Second Circuit has held that the public has a qualified common law right of access to search warrant materials after an investigation is over." ECF No. 56 at 1 (quoting *In re Newsday, Inc.*, 895 F.2d 74, 76 (2d Cir. 1990)). Search warrant materials nonetheless may be kept under seal "if countervailing factors so demand. Such factors include the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *In re Search Warrant Dated Nov. 5, 2021*, 2026 U.S. Dist. LEXIS 118739, at *6.

Here, the presumption of public access clearly outweighs any countervailing factors. The records are being sought to enhance the public's understanding of the United States' targeting of President Trump's attorney by the Biden administration. The public has a real interest in knowing the evidence underlying the search warrant application and whether the warrant was sought for legitimate law enforcement purposes rather than to target a political opponent's ally. These questions cannot be examined while the materials remain sealed. In addition, the investigation appears to have concluded, and Toensing was never charged. There is no ongoing prosecution that disclosure could jeopardize, no witness whose safety is at risk, and no trial whose fairness could be compromised. Moreover, this Court has already unsealed records in a related matter, so any third-party privacy rights are already greatly diminished. ECF Nos. 56 and 58 (the Court's order granting the unsealing of certain records and the records themselves).

Although "[t]he Second Circuit has not addressed whether a constitutional right of access attaches to search warrant materials" (*In re Search Warrant Dated Nov. 5, 2021*, 2026 U.S. Dist. LEXIS 118739, at *7), to the extent the Court believes there is a presumptive right of access to the requested records under the First Amendment (ECF No. 56 at 1), the same reasons apply. In addition and separate from the public's right of access, Toensing has a personal interest in the warrant materials rooted in the Fourth Amendment and Federal Rule of Criminal Procedure 41. A person whose real property was searched and electronic device was seized pursuant to a warrant has an obvious, cognizable interest in knowing whether the Fourth Amendment's requirements were met. Toensing cannot know if that occurred if the warrant materials remain sealed.

Toensing could not locate a decision by either the Second Circuit or this Court directly on point. However, as Magistrate Judge Allison H. Goddard of the Southern District of California recently explained, numerous courts have recognized the distinction between the public's right of access to warrant materials and the right of access held by the subject of a search warrant. *Cactil, LLC v. United States*, No. 3:24-cv-01270-LL-AHG, 2024 U.S. Dist. LEXIS 162864, at *6 (S.D. Cal. Sep. 10, 2024). Judge Goddard explained further that the right of the target is "rooted in the Warrant Clause of the Fourth Amendment, allowing an individual to inspect the probable cause affidavit leading to the warrant." *Id*. And that right is only "overcome where a compelling governmental interest is demonstrated requiring that the materials be kept under seal, and there is no less restrictive means, such as redaction, capable of serving that interest." *Id*. at **6-7.

In addition, Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). A Rule 41(g) motion necessarily implicates the warrant materials themselves

because an individual cannot meaningfully challenge the legality of a seizure without access to the affidavit and application purported to justify it.

Although Toensing does not file a Rule 41(g) motion concurrently with this request, the same logic applies: the government searched her cell phone, retained the information contained on it, and never charged her with any crime. She cannot assess whether the warrant that authorized the search was constitutionally defective without first seeing the materials this Court is asked to unseal. As such, a Rule 41(g) motion would be premature, but Toensing reserves all of her rights in that regard, including the right to bring such a motion if warranted by the information and material sought herein.

For these reasons, Toensing and Judicial Watch respectfully request that the Court unseal the search warrant materials related to the three-referenced search warrants identified above.

We thank the Court for its time, attention, and assistance in this regard.

Respectfully submitted,

*Ethan Leonard*

Ethan Leonard, Esq. (EL2497)

Cc:    All counsel (Via ECF)