# THE BRICKMAN LAW GROUP

420 LEXINGTON AVENUE, SUITE 2811
NEW YORK, NEW YORK 10170
TELEPHONE: (212) 986-6840

NEAL BRICKMAN*
ETHAN Y. LEONARD **
CLINTON WOKOCHA*
VIRGINIA A. REILLY* (OF COUNSEL)
JAMES H. NEALE* (OF COUNSEL)

* NY BAR ONLY
** NY AND CT


August 28, 2026

Via ECF Only

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re: *In re Search Warrants Executed on April 28, 2021*, 21-MC-00425 (JPO)

Dear Judge Oetken:

Mayor Rudy Giuliani and Judicial Watch, Inc. respectfully submit this letter motion seeking an order to unseal materials related to the following two search warrants:

1. November 4, 2019 – Warrant to search iCloud account belonging to Mayor Giuliani; and
2. April 13, 2021 – Warrant for prospective and historical location information for two telephone numbers assigned to Mayor Giuliani.

Mayor Giuliani and Judicial Watch believe the November 4, 2019 warrant was docketed at 19 Mag. 10364. They believe the April 13, 2021 warrant was docketed at 21 Mag. 4335. Both warrants were referenced in the unsealed search warrant declaration in the above-referenced matter (21-MC-00425). *See* ECF No. 58.

We make this request pursuant to the common law right of access to judicial records, the First Amendment, and the right to the judicial records under the Warrant Clause of the Fourth Amendment. The warrant materials sought here are judicial records subject to the presumption of public access. Because no compelling governmental interest justifies continued sealing, and because both Mayor Giuliani, whose electronic information was searched, and Judicial Watch, whose mission is to inform the public about uses and abuses of government authority, have

powerful interests in disclosure, the Court should unseal these materials. A similar request was previously granted pursuant to an application from the New York Times. *See* ECF No. 56. As Mayor Giuliani is a direct party in interest, the bases for disclosure are even greater in this instance.

1. Factual Background

On November 4, 2019, this Court issued a warrant for the United States to seize and search all records contained in Mayor Giuliani's iCloud account. On April 13, 2021, this Court issued a second warrant for prospective and historical location information for two telephone numbers assigned to Mayor Giuliani.

Mayor Giuliani and Judicial Watch have no additional information about the search warrants or the circumstances that led to or followed their executions. The docket remains sealed.

2. Requesters

Mayor Giuliani, a longtime attorney of and advisor to President Donald J. Trump, served as the U.S. Associate Attorney General from 1981 to 1983 and the U.S. Attorney for the Southern District of New York from 1983 to 1989. In 1994, he was elected as the 108th mayor of New York and served until 2001.

Beginning in 2019, the United States began investigating Mayor Giuliani. Yet, he has never been charged with any federal crime. Mayor Giuliani seeks to unseal the search warrant materials to learn the reasons for the United States' search and the evidence relied on to substantiate the search warrant. As the subject of the search warrant, Mayor Giuliani's interest in these records is obvious.

Judicial Watch is a not-for-profit, educational organization that seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. An integral part of Judicial Watch's mission is educating the public about the operations and activities of government. To this end, Judicial Watch investigates the federal government and federal officials by making extensive use of the Freedom of Information Act, among other investigative tools. Judicial Watch analyzes the records it obtains and disseminates its findings to the public.

Here, Judicial Watch is investigating the potential politicization of numerous federal law enforcement agencies and whether they abused their powers to attack associates of a political opponent. Judicial Watch's investigation has previously included obtaining judicial records related to the FBI's and the U.S. Department of Justice's investigations of President Donald J. Trump and his associates. *U.S. v. Sealed Search Warrant*, Case No. 22-mj-08332-BER-1 (S.D. Fla., Mot. filed Aug. 9, 2022) (motion to unseal the search warrant materials relating to the August 8, 2022 search of President Donald J. Trump's Florida residence); *In re Transcripts of this Court related to the Surveillance of Carter Page*, Case No. 18-misc-03 (F.I.S.C., filed Jul. 24, 2018) (motion for publication of transcripts of hearings relating to Foreign Intelligence Surveillance Act warrants of Carter Page); *Judicial Watch, Inc. v. U.S. Department of Justice*, Case No. 18-00245-CRC (D.D.C., filed Feb. 2, 2018) (FOIA lawsuit for judicial records relating to Foreign Intelligence Surveillance Act warrants of Carter Page). Judicial Watch also recently filed a similar motion for search warrant

materials related to former Trump campaign aide and administration official Michael Caputo. *In the Matter of the Search of Information Associated with Six Accounts Stored at Premises Controlled by One Provider Pursuant to 18 U.S.C. § 2703 for Investigation of Violations of 18 U.S.C. § 951*, Case No. 26-mc-00098-JEB (D.D.C., filed June 22, 2026). In addition, as this Court is aware, Judicial Watch filed similar motions for the search warrant materials related to Victoria Toensing, a former attorney of President Donald J. Trump and conservative lawyer and legal commentator. *See* ECF No. 59.

With respect to investigations of Mayor Giuliani, Judicial Watch is currently seeking records from the Federal Bureau of Investigation and the U.S. Department of Justice's Criminal Division, Executive Office for U.S. Attorneys, and Office of Information Policy. Those records are being sought pursuant to the Freedom of Information Act in *Judicial Watch, Inc. v. U.S. Department of Justice*, Case No. 26-cv-01158-CRC (D.D.C., filed April 6, 2026). Judicial Watch also has similar FOIA lawsuits related to the investigations of other individuals, including Caputo, Mike Lindell, and Christina Bobb. *See, e.g., Judicial Watch, Inc. v. U.S. Department of Justice*, Case No. 25-cv-01903-RBW (D.D.C., filed June 17, 2025) (FOIA lawsuit for records of the FBI about investigations of Caputo); *Judicial Watch, Inc. v. Office of the Director of National Intelligence*, Case No. 25-cv-02469-CKK (D.D.C., filed Jul. 30, 2025) (FOIA lawsuit for records of ODNI about investigations of Caputo); *Judicial Watch, Inc. v. U.S. Department of Justice*, Case No. 25-cv-02631-TJK (D.D.C., filed Aug. 12, 2025) (FOIA lawsuit for records of the Justice Department about investigations of Caputo); *Judicial Watch, Inc. v. U.S. Department of Justice*, 25-cv-03850-SLS (D.D.C., filed Nov. 3, 2025) (FOIA lawsuit for records of the FBI and the Justice Department's Criminal Division and Office of Information Policy about investigations of Mike Lindell); *Judicial Watch, Inc. v. U.S. Department of Justice*, 25-cv-00588-JMC (D.D.C., filed Feb. 28, 2025) (FOIA lawsuit for records of the FBI about Christina Bobb).

The unsealing of these materials is just one piece of Judicial Watch's broader investigation. If the Court were to unseal the materials, Judicial Watch would obtain, analyze, and make them available to the public, furthering its mission of educating the public about the workings of the federal government.

3. <u>Reasons</u>

As this Court has already explained, "Under Second Circuit precedent, there is a presumptive right of access to judicial documents under both the common law and the First Amendment." ECF No. 56 at 1 (citing *United States v. Erie County*, 763 F.3d 235, 238-39 (2d Cir. 2014)). "Judicial documents may be sealed in whole or in part only where it 'is essential to preserve higher values and is narrowly tailored to serve that interest.'" ECF No. 56 at 1 (*quoting Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)).

There is no dispute that the search warrant materials Mayor Giuliani and Judicial Watch seek are judicial documents. Nor is there any dispute that "search warrants and search warrant materials are entitled to a strong presumption of public access." *In re Search Warrant Dated Nov. 5, 2021*, 21 Misc. 813, 2026 U.S. Dist. LEXIS 118739, at *6 (S.D.N.Y. May 29, 2026). Moreover, this Court has noted, "The Second Circuit has held that the public has a qualified common law right of access to search warrant materials after an investigation is over." ECF No. 56 at 1 (quoting

*In re Newsday, Inc*., 895 F.2d 74, 76 (2d Cir. 1990)). Search warrant materials nonetheless may be kept under seal "if countervailing factors so demand. Such factors include the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *In re Search Warrant Dated Nov. 5, 2021*, 2026 U.S. Dist. LEXIS 118739, at *6.

Here, the presumption of public access clearly outweighs any countervailing factors. The records are being sought to enhance the public's understanding of the United States' targeting of President Trump's attorney by the Biden administration. The public has a real interest in knowing the evidence underlying the search warrant application and whether the warrant was sought for legitimate law enforcement purposes rather than to target a political opponent's ally. These questions cannot be examined while the materials remain sealed. In addition, the investigation appears to have concluded, and Toensing was never charged. There is no ongoing prosecution that disclosure could jeopardize, no witness whose safety is at risk, and no trial whose fairness could be compromised. Moreover, this Court has already unsealed records in a related matter, so any third-party privacy rights are already greatly diminished. ECF Nos. 56 and 58 (the Court's order granting the unsealing of certain records and the records themselves).

Although "[t]he Second Circuit has not addressed whether a constitutional right of access attaches to search warrant materials" (*In re Search Warrant Dated Nov. 5, 2021*, 2026 U.S. Dist. LEXIS 118739, at *7), to the extent the Court believes there is a presumptive right of access to the requested records under the First Amendment (ECF No. 56 at 1), the same reasons apply. In addition and separate from the public's right of access, Mayor Giuliani has a personal interest in the warrant materials rooted in the Fourth Amendment and Federal Rule of Criminal Procedure 41. A person whose real property was searched and electronic device was seized pursuant to a warrant has an obvious, cognizable interest in knowing whether the Fourth Amendment's requirements were met. Mayor Giuliani cannot know if that occurred if the warrant materials remain sealed.

Mayor Giuliani could not locate a decision by either the Second Circuit or this Court directly on point. However, as Magistrate Judge Allison H. Goddard of the Southern District of California recently explained, numerous courts have recognized the distinction between the public's right of access to warrant materials and the right of access held by the subject of a search warrant. *Cactil, LLC v. United States*, No. 3:24-cv-01270-LL-AHG, 2024 U.S. Dist. LEXIS 162864, at *6 (S.D. Cal. Sep. 10, 2024). Judge Goddard explained further that the right of the target is "rooted in the Warrant Clause of the Fourth Amendment, allowing an individual to inspect the probable cause affidavit leading to the warrant." *Id.* And that right is only "overcome where a compelling governmental interest is demonstrated requiring that the materials be kept under seal, and there is no less restrictive means, such as redaction, capable of serving that interest." *Id.* at **6-7.

In addition, Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). A Rule 41(g) motion necessarily implicates the warrant materials themselves because an individual cannot meaningfully challenge the legality of a seizure without access to the affidavit and application purported to justify it.

Although Mayor Giuliani does not file a Rule 41(g) motion concurrently with this request, the same logic applies: the government searched his cell phone, retained the information contained on it, and never charged him with any crime. He cannot assess whether the warrant that authorized the search was constitutionally defective without first seeing the materials this Court is asked to unseal. As such, a Rule 41(g) motion would be premature, but Mayor Giuliani reserves all of his rights in that regard, including the right to bring such a motion if warranted by the information and material sought herein.

For these reasons, Mayor Giuliani and Judicial Watch respectfully request that the Court unseal the search warrant materials related to the two-referenced search warrants identified above.

We thank the Court for its time, attention, and assistance in this regard.

Respectfully submitted,

Ethan Leonard

Ethan Leonard, Esq. (EL2497)

Cc: All counsel (Via ECF)