**U.S. Department of Justice**

Office of the Associate Attorney General

*Washington, D.C. 20530*

**VIA CM/ECF** August 28, 2026

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re: *In re Search Warrants Executed on April 28, 2021*, 1:21-mc-00425-JPO

Dear Judge Oetken:

The United States Attorney's Office for the Southern District of New York and the Federal Bureau of Investigation sought and obtained a series of search warrants that led to no criminal charges against Victoria Toensing. The first was on November 4, 2019, for the iCloud account of Mrs. Toensing. Then another on December 13, 2019, for the email account of Mrs. Toensing. And then two years later on April 28, 2021, for Mrs. Toensing's iPhone and all storage media contained therein. In the light of the particulars of this case, the consent of the relevant parties, prior filings before this Court, and the promotion of transparency and accountability, the Department of Justice does not oppose Movants' request to unseal the search warrants and search warrant applications dated November 4, 2019, December 13, 2019, and April 28, 2021, as well as the supporting affidavit and any other materials related to the application (collectively, the "Search Warrant Materials"). *See* ECF No. 59.

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). That practice reflects the significant authority courts wield over Americans' ordinary lives, which gives rise to the need for "a measure of accountability" and public confidence in the exercise of such authority. *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). Absent such access, "arbitrary judicial behavior" would go undeterred, and "the public could have no confidence in the conscientiousness, reasonableness, or honesty of judicial proceedings." *Amodeo*, 71 F.3d at 1048.

Recognizing "professional and public monitoring is an essential feature of democratic control," *id.*, the Second Circuit instructs that the American people should have access to court documents and filings if they are "judicial documents," *Lugosch*, 435 F.3d at 119. "Once the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption," *Lugosch*, 435

F.3d at 119, which "is at its zenith" if the document "directly affect[s] an adjudication" or is "used to determine litigants' substantive legal rights," *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016). Only then may a court consider whether "countervailing factors"—such as "the danger of impairing law enforcement or judicial efficiency" or "privacy interests"—overcome the disclosure presumption. *Lugosch*, 435 F.3d at 124. But even then, "continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary" and "only if the sealing order is narrowly tailored." *Id.*

Here, continued sealing of the Search Warrant Materials is not warranted under the specific facts and circumstances of this matter. First, the Second Circuit treats the Search Warrant Materials as judicial documents and the Department does not oppose the application of that precedent in this case. *See, e.g.*, *United States v. All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d 577, 583-84 (S.D.N.Y. 2009) (finding seizure warrants to be judicial documents); *In re Search Warrant*, No. 16-MAG-7063, 2016 WL 7339113, at *2 (S.D.N.Y. Dec. 19, 2016) (finding search warrant applications and related materials to be judicial documents). And because search warrant applications and their related materials "go to the heart of the judicial function" affecting a potential target's substantive rights, the presumption requiring their public disclosure "is thus entitled to great weight." *In re Search Warrant*, No. 16-MAG-7063, 2016 WL 7339113, at *3 (S.D.N.Y. Dec. 19, 2016).

Second, although law enforcement certainly has a significant interest in protecting the integrity of ongoing investigations that often counsels against unsealing warrant materials at the pre-indictment stage, those interests are not at play here. On November 14, 2022, prosecutors in the Southern District of New York previously stated that its multi-year grand jury investigation that led to the warrants related to Mrs. Toensing had concluded, and no charges would be brought against individuals not already indicted. *See* Letter Addressed to Judge J. Paul Oetken from AUSA at 51, *In re Search Warrants dated April 21, 2021, and April 28, 2021*, No. 21-MC-425 (S.D.N.Y. Nov. 14, 2022). Courts have widely recognized that law enforcement's interest in protecting the integrity of an investigation is lowered "when the Government decide[s] to . . . close an investigation without bringing charges." *In re Search Warrant dated Nov. 5, 2021*, No. 21 MISC. 813, 2024 WL 1636239, at *2 (S.D.N.Y. Apr. 16, 2024). *See also id.* (collecting cases).

Third, the broad array of privacy interests concerning search warrant materials do not favor disclosure of third-party information under the specific facts of this case, or more generally. To the extent third-party information is implicated by the unsealing request, without the consent of the third party, the Department believes such information should be redacted. Investigative targets may have a privacy interest in sealing investigative materials to shield them from undue public criticism and to ensure they receive a fair trial if later indicted. *In re Search Warrant*, 2016 WL 7339113, at *4 ("[T]he individual whose name appears in a search warrant or related document and the government have a strong interest in keeping that person's identity a secret."). Those interests extend to individuals whose names appear in search warrant materials who are not the subject of the investigation. *Id.* And the Department and its investigative agencies also have a privacy interest in the subject matter and methods of investigation, its theories of criminal conduct, confidential informants, and the need to preserve the integrity and secrecy of investigations. Often, those privacy interests counsel in favor of sealing search warrant materials. But here, those concerns are reduced given 1) Mrs. Toensing herself seeks unsealing, *see* ECF No. 59; 2) the

Department has concluded its criminal case against other defendants related to this matter; 3) the Department publicly confirmed the investigation is over and no further individuals would be charged;[1] 4) this Court previously unsealed related warrant materials concerning Rudy Guiliani at the New York Times' request, *see* ECF Nos. 56 and 58; and 5) the subject matter of the investigation has already been the subject of widespread media attention and publicly debated. Under those specific circumstances, the Department does not believe any privacy interests bar unsealing.[2]

Accordingly, to promote transparency and accountability for the American people, the Department consents to unsealing the Search Warrant Materials.[3]

Respectfully submitted,

*<u>/s/ Stanley E. Woodward, Jr.</u>*
STANLEY E. WOODWARD, JR.
Associate Attorney General
stanley.woodward@usdoj.gov

ANNA L. EDWARDS
Counsel to the Associate Attorney General
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530
anna.edwards@usdoj.gov

*Counsel for the United States*

---

[1] *See* Letter Addressed to Judge J. Paul Oetken from AUSA at 51, *In re Search Warrants dated April 21, 2021, and April 28, 2021*, No. 21-MC-425-JPO (S.D.N.Y. Nov. 14, 2021) ("The Government writes to notify the Court that the grand jury investigation that led to the issuance of the above-referenced warrants has concluded, and that based on information currently available to the Government, criminal charges are not forthcoming.").

[2] To ensure the personal privacy interests of federal agents, prosecutors, and third parties who have not consented to disclosure, however, the Department requests permission to submit a proposed copy of the Search Warrant Materials with limited redactions to the Court for consideration within five business days of the Court's ruling on the instant motion.

[3] Because the common law right of public access requires unsealing of the Search Warrant Materials, this Court need not reach the movants' basis for unsealing under the First or Fourth Amendment. *See* ECF No. 59 at 4–5.